OPINION OF THE COURT
Wachtler, J.
The question presented on this appeal is whether various prime contractors not in privity with the general contractor of a construction project may be held liable under sections 200, 240 and 241 of the Labor Law for construction site injuries sustained by a workman employed by the general contractor in the course of completing work for which the general contractor was solely responsible. We agree with the Appellate Division that the prime contractors incur no liability for personal injuries arising out of work not specifically delegated to them.
Plaintiff George Russin was injured in a construction *316 site accident which occurred at the En-Joie Golf Course in the Village of Endicott, New York. At the time of the accident plaintiff was employed by the general contractor for the project, A. J. Cerasaro, Inc. (Cerasaro). The plaintiff commenced this action against defendants Mateo Electric Co., Inc. (Mateo), Louis N. Picciano & Son (Picciano) and Stellmack Air Conditioning Refrigeration Corp. (Stellmack) for personal injuries arising out of alleged violations of sections 200, 240 and 241 of the Labor Law. Neither the Village of Endicott, the owner of the golf course, nor Cerasaro, as general contractor, were named as defendants.
The construction of a new clubhouse at the En-Joie Golf Course proceeded pursuant to separate contracts between the Village of Endicott and seven individual contractors. These contracts were entered into between the owner and the various contractors, rather than between the general contractor and those contractors, and therefore constituted separate prime contracts. The plumbing contract was awarded to Picciano, the electrical contract to Mateo and the heating, ventilation and air-conditioning contract to Stellmack.
Plaintiff was injured while descending from a scaffold he was dismantling at the direction of his employer, Cerasaro. He stepped on a ladder leaning against the scaffold to negotiate the last few feet of the descent and as he did so it turned and gave way, causing him to fall. The ladder was owned by Picciano.
The general contractor, Cerasaro, was responsible for the co-ordination and execution of all the work under all the contracts. Cerasaro was also in full control of plaintiff and the area in which he was working at the time of his injury. The Appellate Division found that as prime contractors, the defendants had no contractual arrangement with the general contractor and were, therefore, not in a position to control any of the activity which generated the injury. Accordingly, the Appellate Division held that defendants could not be liable to plaintiff under sections 200, 240 and 241 of the Labor Law. We agree.
Section 200 of the Labor Law merely codified the common-law duty imposed upon an owner or general contractor *317 to provide construction site workmen with a safe place to work (Allen v Cloutier Constr. Corp., 44 NY2d 290, 299). An implicit precondition to this duty to provide a safe place to work is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition (Reynolds v Brady & Co., 38 AD2d 746). As defendants’ contracts were with the Village of Endicott and not with plaintiff’s employer, the general contractor, they had no ability to control either plaintiff or the dismantling of the scaffolding which eventuated in his injury. Without this authority to control the activity producing the injury, defendants could not be liable to plaintiff under section 200 for failure to provide a safe place to work.
Similarly, sections 240 and 241 impose no liability on defendants for plaintiff’s injury. Although the statutes appear to impose liability unequivocally on “[a] 11 contractors and owners and their agents” (Labor Law, § 240, subd 1; §241 [emphasis added]), this language must be interpreted in light of the historical development of these provisions.
It is evident from the legislative history of the 1969 amendments to sections 240 and 241 (L 1969, ch 1108, §§ 1, 3), that these revisions were intended to shift responsibility for construction site injuries from those parties without control of the injury producing activity to the general contractor and owner. Thus, the legislative memorandum supporting the 1969 amendments provides in pertinent part: “This bill places ultimate responsibility for safety practices at building construction jobs where such responsibility actually belongs, on the owner and general contractors. * * * Under the present Sections 240 and 241 of the Labor Law, the non-delegable duty has shifted from the general contractor and owner to the subcontractor, making him responsible for many things that he has no control of, such as coordination and overall supervision of the work.” (NY Legis Ann, 1969, pp 407-408 [emphasis added].)
Although sections 240 and 241 now make nondelegable the duty of an owner or general contractor to conform to the *318 requirement of those sections (Haimes v New York Tel Co., 46 NY2d 132; Allen v Cloutier Constr. Corp., 44 NY2d 290, supra), the duties themselves may in fact be delegated (Page v La Buzzetta, 73 AD2d 483). When the work giving rise to these duties has been delegated to a third party, that third party then obtains the concomitant authority to supervise and control that work and becomes a statutory “agent” of the owner or general contractor. Only upon obtaining the authority to supervise and control does the third party fall within the class of those having nondelegable liability as an “agent” under sections 240 and 241. To hold otherwise and impose a nondelegable duty upon each contractor for all injuries occurring on a job site and thereby make each contractor an insurer for all workers regardless of the ability to direct, supervise and control those workers would lead to improbable and unjust results and would directly contravene the express legislative history accompanying the 1969 amendments to these provisions.
Our interpretation of the statutory “agent” language appropriately limits the liability of a contractor as agent for a general contractor or owner for job site injuries to those areas and activities within the scope of the work delegated or, in other words, to the particular agency created. Stellmack, for example, was the Village of Endicott’s agent with respect to the heating, ventilation and air-conditioning work. It was not the village’s agent with respect to the general construction activity which produced the plaintiff’s injury, i.e., the erection, maintenance and dismantling of the scaffolding equipment.
In the case now before us the two parties with nondelegable statutory liability for plaintiff’s injury, the general contractor and the owner, were not named as defendants in the action. The three prime contractors who were sued were only responsible for plumbing, electrical, and air-conditioning, heating and ventilation installation. Accordingly, these defendants were never delegated the general construction work in which plaintiff was engaged at the time of his injury and therefore were in no way responsible for the work giving rise to the duties referred to in and imposed by sections 240 and 241 of the Labor Law. For these reasons, the order of the Appellate Division should be affirmed.
*319 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Fuchsberg and Meyer concur.
Order affirmed, with costs to defendants-respondents against plaintiffs-appellants and to third-party respondents against thirty-party appellants.