■ MICHAEL PAONE et al., Plaintiffs, v WESTWOOD VILLAGE et al., Defendants and Third-Party Plaintiffs-Appellants. COLONIAL MECHANICAL Co. et al., Third-Party Defendants-Respondents.—In an action to recover damages for personal injuries,

the defendants third-party plaintiffs Westwood Village and Holiday Management Associates, Inc., appeal from an order of the Supreme Court, Suffolk County (Gerard, J.), entered January 29, 1990, which granted the motion of the third-party defendants Colonial Mechanical Co. and High Tech Heating Co. for summary judgment dismissing the respective third-party complaints against them.

Ordered that the order is affirmed, with costs.

The instant action arises out of an alleged accident which occurred at a construction site. The injured plaintiff, a worker at the site, and his wife, brought an action to recover damages for personal injuries against the alleged owner Westwood Village (hereinafter Westwood) and the alleged general contractor Holiday Management Associates, Inc. (hereinafter Holiday). Westwood and Holiday then commenced third-party actions against Colonial Mechanical Co. (hereinafter Colonial), and against High Tech Heating Co. (hereinafter High Tech), who is both Colonial's subcontractor and the injured plaintiff's employer. We find that both Colonial and High Tech properly established their entitlement to summary judgment, and that there are no factual issues requiring a trial *(see,* CPLR 3212 [b]). Accordingly, we affirm.

It is uncontroverted that the alleged injury occurred at the work site when the injured plaintiff stepped into a hole in the lawn covered by a piece of cardboard as he was leaving a building where he had been installing heating and air conditioning ducts. The hole had been made by another contractor and housed a sprinkler valve box. The question now before us concerns whether Colonial and/or High Tech had a duty pursuant to Labor Law §§ 200 and 241 with respect to the conditions at the site which brought about the alleged injury.

It is well settled that Labor Law § 200 merely codified the common-law duty imposed upon an owner or general contractor to provide construction workers with a safe place to work *(see, Russin v Picciano & Son,* 54 NY2d 311, 316-317; *Allen v Cloutier Constr. Corp.,* 44 NY2d 290, 299). "An implicit precondition to this duty to provide a safe place to work is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" *(Russin v Picciano & Son, supra,* at 317). It is also well settled that the 1969 revisions to Labor Law § 241 "were intended to shift responsibility for construction site injuries from those parties without control of the injury producing activity to the general contractor and owner" *(Russin v Picciano & Son, supra,* at 317).

"When the work giving rise to these duties has been delegated to a third party, that third party then obtains the concomitant authority to supervise and control that work and becomes a statutory 'agent' of the owner or general contractor * * * To hold otherwise and impose a nondelegable duty upon each contractor for all injuries occurring on a job site and thereby make each contractor an insurer for all workers regardless of the ability to direct, supervise and control those workers would lead to improbable and unjust results and would directly contravene the express legislative history accompanying the 1969 amendments to these provisions" *(Russin v Picciano & Son, supra,* at 318).

Here, there has been no showing whatsoever that either Colonial or High Tech had any authority over the work giving rise to the alleged injuries. Westwood and Holiday were the owner and general contractor of the work area. Holiday coordinated the subcontractors and oversaw the job site, and there is no evidence that this duty was delegated to either Colonial or High Tech. We note that although the Supreme Court referred to Colonial as a "general contractor" in its decision, all of the evidence points to Holiday as the general contractor for the site. Indeed, Holiday acknowledges in its brief that neither Colonial nor High Tech were the general contractor. Thus, there was no prima facie showing of liability against either Colonial or High Tech pursuant to Labor Law §§ 200 and 241. Thompson, J. P., Bracken, Harwood and Copertino, JJ., concur.