■ SALVATORE D'AMICO et al., Respondents, v NEW YORK RACING ASSOCIATION, Defendant, and GEORGE CAMPBELL PAINTING, Appellant. (And a Third-Party Action.) [611 NYS2d 252] —In an action to recover damages for personal injuries, etc., the defendant George Campbell Painting appeals from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated April 16, 1992, as denied its cross motion for partial summary judgment dismissing the first, second,

and third causes of action of the plaintiff's complaint alleging violations of the Labor Law.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the first, second, and third causes of action are dismissed.

The plaintiff Salvatore D'Amico was injured when he fell from a ladder while washing windows at the Aqueduct racetrack. The defendant George Campbell Painting, is a painting contractor who also performed work at the subject racetrack. However, the contract under which the injured plaintiff was performing his window-washing activities and the contract under which Campbell performed its painting activities were wholly separate and distinct from one another. In short, both the injured plaintiff's employer, Allied Maintenance Corporation, and George Campbell Painting were "prime contractors" (Russin v Picciano & Son, 54 NY2d 311, 318).

In commencing the instant action, the injured plaintiff has alleged that his fall occurred when the ladder upon which he was standing was caused to slip out from under him by the presence of a powder-like substance which had been created by the defendant Campbell's sandblasting activities. The plaintiff's first three causes of action allege violations of Labor Law §§ 200, 240 and 241. His fourth cause of action alleges that the defendant Campbell was negligent in failing to properly conduct clean-up activities after having sandblasted. After the plaintiffs had moved for summary judgment, the defendant Campbell cross-moved for partial summary judgment dismissing the plaintiffs' Labor Law claims. The Supreme Court denied the cross motion. We reverse.

The plaintiffs' first cause of action, alleging a violation of Labor Law § 200, should be dismissed because an "implicit precondition" to the duty to provide construction-site workers with a safe place to work is that the party charged with such responsibility have the authority to control the activity bringing about the injury (see, Comes v New York State Elec. & Gas Corp., 82 NY2d 876). Here, there is no question that the defendant Campbell did not exercise any degree of supervisory control over the injured plaintiff's window-washing activities.

For the same reason, the plaintiffs' second and third causes of action, respectively alleging violations of Labor Law §§ 240 and 241, should be dismissed. It is axiomatic that the statutory duties imposed by these sections of the Labor Law place ultimate responsibility for safety practices upon owners of the worksite and general contractors (see, Russin v Picciano &

*Son, supra,* at 317). Since the defendant Campbell is neither an owner nor a general contractor, liability will attach under Labor Law §§ 240 and 241 only if it is evinced that it was a statutory "agent" of the owner or general contractor *(see, Russin v Picciano & Son, supra,* at 318). The Court of Appeals has clearly enunciated that "[o]nly upon obtaining the authority to supervise and control does the third party fall within the class of those having nondelegable liability as an 'agent' under sections 240 and 241" *(Russin v Picciano & Son, supra,* at 318). Since the defendant Campbell did not exercise the requisite supervisory control over the injured plaintiff's window-washing activities, it cannot be deemed to have been an "agent" of either an owner or a general contractor. Therefore, the defendant Campbell cannot be charged with the statutory duties imposed by Labor Law §§ 240 and 241.

In view of the foregoing, the defendant Campbell has satisfied its burden of demonstrating that it is not liable to the plaintiffs under the relevant Labor Law provisions, as a matter of law *(see, Zuckerman v City of New York,* 49 NY2d 557, 562). The burden having shifted to the plaintiffs, it became incumbent upon them to lay bare their evidence so as to demonstrate the existence of a triable issue with regard to the Labor Law claims *(see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324). The record evinces that the plaintiffs wholly failed to meet this burden and, accordingly, the defendant's cross motion for partial summary judgment should have been granted. Thompson, J. P., Balletta, Pizzuto and Joy, JJ., concur.