■ RICHARD HOFFMEISTER, JR., Respondent, v OAKTREE HOMES, INC., Appellant, and STYLE CRAFT HOMES, INC., Respondent. (Appeal No. 1.) [615 NYS2d 176] —Order unanimously reversed on the law with costs, motion denied and complaint and cross claims reinstated. Memorandum: Plaintiff was injured when he fell from a cross beam that was part of a wooden structure that had been constructed across the walls of a concrete foundation. The wooden structure was built on the foundation walls so that a tarpaulin could be placed over the structure to protect the foundation from the winter elements until a modular home was delivered to the site. Upon delivery, the tarpaulin and wooden structure were to be removed and the modular home placed on the foundation.

On this appeal, defendant Oaktree Homes, Inc. (Oaktree Homes), the dealer who sold the modular home and the party responsible for construction of the foundation and cross beam structure, appeals from an order that, on reargument, granted the motion by codefendant Style Craft Homes, Inc. (Style Craft), manufacturer of the modular home, for summary judgment dismissing the complaint and all cross claims asserted against it. It is undisputed that no employee of Style Craft was physically present on the day of plaintiff's fall, and thus, that Style Craft did not actually direct or control the work. However, because Style Craft hired plaintiff's employer, J.E.B. Contracting, to place the modular home on the foundation walls, a factual issue exists whether Style Craft had the *authority* to direct and control the placement of the modular home, thereby precluding summary judgment on the question whether Style Craft was a contractor within the meaning of Labor Law § 240 (1) *(see, Russin v Picciano & Son,* 54 NY2d 311, 317). Moreover, factual issues exist whether Oaktree Homes or J.E.B. Contracting, or both, actively directed and controlled the work, precluding summary judgment on the

cross claim of Oaktree Homes for common-law indemnification. (Appeal from Order of Supreme Court, Orleans County, Whelan, J.—Summary Judgment.) Present—Balio, J. P., Lawton, Callahan, Doerr and Boehm, JJ.