■ WILLIAM C. TOWNSEND et al., Appellants, v NENNI EQUIPMENT CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. HIGHLAND SAND & GRAVEL, INC., Third-Party Defendant-Respondent. [618 NYS2d 378] —In an action, *inter alia,* to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Hillery, J.), entered September 16, 1992, as denied the plaintiffs' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and granted that branch of the defendants' cross motion which was for summary judgment dismissing the third cause of action.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

According to the facts alleged by the plaintiff William Townsend, Townsend was employed by the third-party defendant Highland Sand & Gravel, Inc. (hereinafter Highland) as plant superintendent of a quarry. The defendants Nenni Equipment Corp. and James McDonald were the owner and operator, respectively, of a crane leased by Highland for the purposes of installing a stone crusher. Highland provided the rigging for the crane, and Townsend supervised the preparation of the rigging by Highland employees. As the crane was lowering the stone crusher into place, one of the slings comprising the rigging broke, causing the crusher to strike Townsend in the leg.

Assuming, arguendo, that the injury falls within the scope of Labor Law § 240 (1) *(cf., Schreiner v Cremosa Cheese Corp., 202 AD2d 657; Rocovich v Consolidated Edison Co., 167 AD2d 524, affd 78 NY2d 509),* we agree with the Supreme Court that the defendants cannot be considered "contractors" or "agents" within the meaning of the statute. Neither defendant was the general contractor of the project, nor did they assume the duties of a general contractor *(see, Russin v Picciano & Son, 54 NY2d 311; Kenny v Fuller Co., 87 AD2d 183).* Furthermore, neither can be considered the agent of the owner of the quarry, as the duty to inspect and provide safe rigging was never delegated to them *(see, Russin v Picciano & Son, supra; D'Amico v New York Racing Assn., 203 AD2d 509; Paone v Westwood Vil., 178 AD2d 518).* The Supreme Court therefore correctly granted that branch of the defendants' cross motion which was for summary judgment dismissing the cause of action based on Labor Law § 240. Bracken, J. P., Copertino, Joy and Altman, JJ., concur.