■ ROBERT WESTCOTT, Appellant, v RICHMOND TERRACE BUSINESS PARK CHANCELLOR CORP. et al., Defendants, and LOUIS VENOSA EXCAVATING Co. et al., Respondents. (And a Third-Party Action.) [647 NYS2d 1003] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Cusick, J.), dated June 8, 1995, as granted that branch of the motion of the defendants Louis Venosa Excavating Co., Louis Venosa, and Kenneth Venosa which was for summary judgment dismissing the plaintiff's Labor Law § 200 cause of action.

Ordered that the order is modified by deleting the provision thereof which granted that branch of the motion which was for summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against the defendant Louis Venosa Excavating Co., and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The defendant Louis Venosa Excavating Co. was not entitled to summary judgment dismissing the Labor Law § 200 cause of action insofar as asserted against it, as the record indicates that this defendant had the authority to control the activities which lead to the plaintiff's injuries (*see, Russin v Picciano & Son,* 54 NY2d 311; *D'Amico v New York Racing Assn.,* 203 AD2d 509). However, the Labor Law § 200 cause of action was properly dismissed as against the defendants Kenneth Venosa and Louis Venosa, employees of the defendant Louis Venosa Excavating Co., as these defendants owed the plaintiff no duty under the Labor Law (*see generally, Russin v Picciano & Son, supra*). Bracken, J. P., Rosenblatt, Altman and Luciano, JJ., concur.