■ DAVID BARKER, Appellant, v FRANCIS MENARD, Individually and Doing Business as MENARD AND SONS, et al., Defendants, and LEONARD GADWAY, Defendant and Third-Party Plaintiff-Respondent; HEBERT DEVELOPMENT CORPORATION, Third-Party Defendant-Respondent. [655 NYS2d 186] —Crew III, J. Appeal from a judgment of the Supreme Court (Ryan, Jr., J.), entered October 5, 1995 in Clinton County, upon a verdict rendered in favor of defendant Leonard Gadway.

At all times relevant to this appeal, plaintiff was employed

as a laborer by third-party defendant, Hebert Development Corporation (hereinafter HDC). In July 1988, HDC and Dennis Gadway entered into a contract, pursuant to the terms of which Gadway was to perform, *inter alia*, certain excavation and backfilling work on a condominium project that HDC was developing in Clinton County. The record indicates that as the project unfolded, Gadway performed the excavation work and his brother, defendant Leonard Gadway (hereinafter defendant), performed the backfilling work.

On the day of the underlying accident, plaintiff and a co-worker, Dean Devost, were standing in a trench installing styrofoam insulation. As plaintiff and Devost held the insulation in place by hand, defendant, who was operating a front-end loader, poured sand into the trench, which plaintiff and Devost, in turn, would distribute and tamp down. Although defendant delivered several loads of sand in this manner without incident, on one such trip a large rock fell from the front-end loader and struck plaintiff's foot, causing substantial injuries.

Plaintiff thereafter commenced this action against, among others, defendant, alleging ordinary negligence, motor vehicle negligence and various violations of the Labor Law. Although defendant thereafter commenced a third-party action against HDC and its president, Alan Hebert, the third-party action subsequently was discontinued as to Hebert by stipulation of the parties, and the matter proceeded to trial against only defendant and HDC.

At the close of plaintiff's case, defendant moved to dismiss the Labor Law § 240 (1) and § 241 (6) causes of action based upon, *inter alia*, plaintiff's failure to establish that defendant was an owner, contractor or agent within the meaning of those statutes. Supreme Court granted defendant's motion and, additionally, dismissed the third-party complaint against HDC in its entirety. The general negligence claim was submitted to the jury for its consideration, and the jury returned a special verdict finding that defendant was not negligent. Supreme Court entered judgment in favor of defendant, and plaintiff thereafter unsuccessfully moved to set aside the verdict as against the weight of the evidence. This appeal ensued.

Initially, although plaintiff argues that Supreme Court erred in denying his motion to set aside the verdict as against the weight of the evidence, we note that plaintiff failed to file a notice of appeal from Supreme Court's order in this regard. Accordingly, that issue is not properly before this Court for review.

Plaintiff next asserts that there was sufficient proof to find

that defendant was either a contractor or, alternatively, a statutory agent of HDC and, as such, Supreme Court erred in dismissing the Labor Law causes of action. We cannot agree. As a starting point, there is no proof in the record to support a finding that defendant was a "contractor" within the meaning of Labor Law § 240 (1) and § 241 (6). Defendant was not a signatory to the contract with HDC and, although defendant and Gadway admittedly worked together on the project, there was no proof adduced at trial to support plaintiff's claim that defendant and Gadway were engaged in a partnership or joint venture.

Nor was there sufficient proof tendered to establish that defendant was a statutory agent of HDC. It is well settled that the existence of a statutory agency turns upon whether the third party, who is neither an owner nor a general contractor, possessed the authority to supervise and control the work that gave rise to the plaintiff's injuries (see, Russin v Picciano & Son, 54 NY2d 311, 317-318; Riley v S & T Constr., 172 AD2d 947, 948, lv denied 78 NY2d 853). The record before us simply fails to establish that defendant was vested with such authority here. Even assuming that plaintiff and defendant may be said to have been engaged in the same "work" at the time of the accident, as opposed to separate operations, i.e., insulating and backfilling, there nevertheless is no proof of defendant's alleged supervision and control. In this regard, Devost testified that it was Hebert who controlled the particulars of the work—specifically, the installation of the styrofoam—and that he had no discussions with defendant regarding that aspect of the work. Defendant offered similar testimony, stating that he did not provide plaintiff with any orders or instructions prior to plaintiff's accident. Although Hebert testified that he believed that defendant was responsible for Devost and plaintiff while they were working in the trench, this statement, standing alone, does not provide a rational basis upon which the jury could have found for plaintiff (see generally, Rhabb v New York City Hous. Auth., 41 NY2d 200, 202). Accordingly, Supreme Court properly dismissed the Labor Law causes of action. Plaintiff's remaining contentions have been examined and found to be lacking in merit.

Mikoll, J. P., Mercure, White and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.