■ ROGER REID et al., Appellants, v LEHRER McGOVERN Bovis, INC., Respondent. (And a Third-Party Action.) [670 NYS2d 476] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered February 16, 1996, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff fails to raise an issue of fact to whether defendant was the general contractor at plaintiff's worksite, or otherwise exercised any supervisory control over the work plaintiff was performing on the 11th floor when he fell off a ladder supplied by his employer; accordingly, defendant cannot be held liable under Labor Law §§ 200, 240 or 241 (see, Russin v Picciano & Son, 54 NY2d 311; Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494). The contract between plaintiff's employer and the project owner dated February 26, 1990, referring to defendant as the construction manager and calling for sheet metal work, was not the contract under which plaintiff was working at the time of the accident. Rather, as confirmed by plaintiff's employer's affidavit, the contract under which plaintiff was working was that between plaintiff's employer and the project owner dated May 29, 1992, calling for HVAC work and specifically reciting that it pertains to "PROJECT: 11th floor". Defendant is nowhere mentioned in this detailed 11th-floor contract; there is documentary evidence, namely a contract, showing that defendant's presence in and around the building at the time of the accident was in connection with special work it was performing for a tenant for internal construction of space on 1st, 2nd and 12th-23rd floors; and plaintiff's conclusory assertion that persons on the 11th floor performing work and giving him instructions were defendant's employees is too speculative to raise a genuine issue of fact as to control. Concur—Ellerin, J. P., Wallach, Tom and Mazzarelli, JJ.