■ ALEXANDER SABATO, Respondent, v NEW YORK LIFE INSURANCE COMPANY et al., Respondents, and J.T. FALK & COMPANY, INC., et al., Appellants. (And a Third-Party Action.) [686 NYS2d 465] —In an action to recover damages for personal injuries, the defendants J.T. Falk & Company, Inc., and Colgate Scaffolding Corp. separately appeal from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated November 20, 1997, as denied their respective motions for summary judgment dismissing the complaint and all other claims insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motions are granted, the

complaint and all other claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The defendant H.C. Kranichfeld, Inc. (hereinafter Kranichfeld), was hired by the defendant New York Life Insurance Company (hereinafter New York Life), the owner of certain premises, to serve as the general contractor for the erection of a chimney stack. Kranichfeld subcontracted various aspects of the chimney project to several different subcontractors, including Colgate Scaffolding Corp. (hereinafter Colgate), which furnished and erected a fixed pipe scaffolding, J.T. Falk & Company (hereinafter J.T. Falk), hired for the erection of the metal chimney stack, and masons Nicholson & Galloway, Inc. (hereinafter Nicholson), hired for the installation of a brick chimney around the metal chimney stack. Nicholson was also performing ongoing waterproofing and restoration work with regard to the window and brick exterior surface (hereinafter the restoration project).

The plaintiff, Alexander Sabato, was employed by Nicholson as a foreman and job site mechanic for the restoration project. The plaintiff was injured when an object fell from above and hit him in the back. Thus, at the time of the plaintiff's accident, two separate projects were ongoing at the site, both of which involved the plaintiff's employer, Nicholson.

In the instant action, the plaintiff alleged negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). J.T. Falk and Colgate separately moved, *inter alia,* for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the motions.

J.T. Falk and Colgate are entitled to dismissal of so much of the complaint as alleged negligence and a violation of Labor Law § 200, and all other claims based upon them, because an "implicit precondition" to the duty to provide construction site workers with a safe place to work is that the party charged with such responsibility have the authority to control the activity bringing about the injury (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *D'Amico v New York Racing Assn.,* 203 AD2d 509). Here, J.T. Falk and Colgate did not exercise any degree of supervisory control over the plaintiff's restoration project activities.

For the same reason, so much of the complaint as alleged violations of Labor Law § 240 (1) and § 241 (6) and all other claims based upon them should be dismissed insofar as asserted against the appellants. It is axiomatic that the statutory duties imposed by these sections of the Labor Law place

ultimate responsibility for safety practices upon owners of the worksite and general contractors (see, Russin v Picciano & Son, 54 NY2d 311, 317). Since J.T. Falk and Colgate are neither owners nor general contractors, liability will attach under Labor Law §§ 240 and 241 only if it is shown that they were statutory agents of the owner or general contractor (see, Russin v Picciano & Son, supra, at 318). However, the Court of Appeals has clearly enunciated that "[o]nly upon obtaining the authority to supervise and control does the third party fall within the class of those having nondelegable liability as an 'agent' under sections 240 and 241" (Russin v Picciano & Son, supra, at 318). Since neither J.T. Falk nor Colgate exercised the requisite supervisory control over the plaintiff's restoration project activities, neither of them could be deemed to have been an agent of either the owner, New York Life, or the general contractor, Kranichfeld. Therefore, J.T. Falk and Colgate cannot be charged with the statutory duties imposed by Labor Law §§ 240 and 241.

In view of the foregoing, J.T. Falk and Colgate have satisfied their burden of demonstrating that they are not liable to the plaintiff for negligence and under the relevant Labor Law provisions, as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557, 562). The burden having shifted to the plaintiff, it became incumbent upon him to lay bare his evidence so as to demonstrate the existence of a triable issue with regard to his claims against them (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324). The plaintiff failed to meet this burden and, accordingly, the motions of J.T. Falk and Colgate for summary judgment should have been granted. Santucci, J. P., Joy, Friedmann and Goldstein, JJ., concur.