■ JANET DeROSA, Appellant, v DICK ENTERPRISES, INC., Defendant and Third-Party Plaintiff-Appellant, and SCHLISSEL PLUMBING AND HEATING, Defendant and Third-Party Plaintiff-Respondent. MONSEY EXCAVATING, INC., Third-Party Defendant; KSW MECHANICAL SERVICES, INC., Third-Party Defendant-Respondent. [698 NYS2d 498] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court,

Rockland County (Sherwood, J.), dated October 19, 1998, as granted that branch of the motion of the defendant third-party plaintiff Schlissel Plumbing and Heating which was for summary judgment dismissing the complaint insofar as asserted against it, and the defendant second third-party plaintiff Dick Enterprises, Inc., separately appeals, as limited by its brief, from so much of the order as granted (1) that branch of the motion of Schlissel Plumbing and Heating as was for summary judgment dismissing the cross claims against it, and (2) the cross motion of the second third-party defendant KSW Mechanical Services, Inc., for summary judgment dismissing the second third-party complaint.

Ordered that the order is affirmed, with one bill of costs.

It is well settled that where, as here, a moving party has made a prima facie showing of its entitlement to summary judgment, the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of a material issue of fact which requires a trial of the action (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Krupp v Aetna Life & Cas. Co.,* 103 AD2d 252, 261-262). The appellants' submissions failed to create a material issue of fact with respect to whether or not the defendant third-party plaintiff Schlissel Plumbing and Heating was the last entity to perform work at the site of the accident (*see, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338; *Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395, 404). Thus, the Supreme Court properly granted the motion for summary judgment by Schlissel Plumbing and Heating.

The Supreme Court also properly granted the cross motion for summary judgment by the second third-party defendant KSW Mechanical Services, Inc. (*see, Paone v Westwood Vil.,* 178 AD2d 518). Mangano, P. J., Bracken, S. Miller and Sullivan, JJ., concur.