■ GINA M. LOCAPO, Appellant-Respondent, v SUFFOLK COUNTY WATER AUTHORITY, Respondent and QUENZER ELECTRIC, INC., Defendant and Third-Party Plaintiff-Respondent-Appellant. ANGELO CAPOBIANCO, INC., Third-Party Defendant-Respondent. [727 NYS2d 319] —In an action to recover damages for personal injuries, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered March 9, 2000, as granted those branches of the separate motions of the defendant Quenzer Electric, Inc., and the third-party defendant Angelo Capobianco, Inc., and the application of the defendant Suffolk County Water Authority, which were for summary judgment dismissing the cause of action pursuant to Labor Law § 240 (1) and denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability on that cause of action, and the defendant Quenzer Electric, Inc., cross-appeals, as limited by its brief, from so much of the same order as denied those branches of its motion which were for summary judgment dismissing the causes of action based on common-law negligence and Labor Law § 241 (6) insofar as asserted against it, and granted that branch of the plaintiff's cross motion which was, in effect, for leave to file a supplemental bill of particulars alleging violations of 12 NYCRR 23-1.21 (b) (4) (i), 23-1.7 (b) (1) and (e) (1).

Ordered that the order is modified, on the law, by deleting the provision thereof denying those branches of the motion of the defendant Quenzer Electric, Inc., which were for summary judgment dismissing the causes of action based on common-law negligence and Labor Law § 241 (6), and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable by the plaintiff to the defendant Quenzer Electric, Inc.

The Supreme Court improperly failed to dismiss the entire complaint insofar as it was asserted against Quenzer Electric, Inc. (hereinafter Quenzer). Quenzer made out a prima facie case establishing its right to the dismissal of the plaintiff's

claims under the Labor Law as well as those sounding in common-law negligence by showing that it was a prime contractor of the owner, the defendant Suffolk County Water Authority, and that it had no contractual arrangement with the general contractor, Angelo Capobianco, Inc. (hereinafter Capobianco), and thus had no authority to control the work of Capobianco's employee, the plaintiff Gina M. Locapo. In opposing the motion, the plaintiff failed to show the existence of a factual question on those issues or that there was a factual question as to whether Quenzer should be considered an agent of either the owner or the general contractor (*see, Russin v Picciano & Son,* 54 NY2d 311; *D'Amico v New York Racing Assn.,* 203 AD2d 509; *Kenny v Fuller Co.,* 87 AD2d 183; *see also, Alvarez v Prospect Hosp.,* 68 NY2d 320).

The evidence upon which the plaintiff relied to establish Quenzer's control over the plaintiff's work area was inadmissible because it was either hearsay (*see, Loschiavo v Port Auth.,* 58 NY2d 1040; *Lowen v Great Atl. & Pac. Tea Co.,* 223 AD2d 534) or irrelevant evidence of prior similar actions (*see, Matter of Brandon,* 55 NY2d 206; *People v Molineux,* 168 NY 264). Thus, it was insufficient to defeat Quenzer's motion for summary judgment (*see, Zuckerman v City of New York,* 49 NY2d 557; *Allstate Ins. Co. v Keil,* 268 AD2d 545).

The Supreme Court properly dismissed the plaintiff's claims to recover damages pursuant to Labor Law § 240 (1) since the defendants established that at the time of the accident the plaintiff was not engaged in an enumerated activity protected under that section and she failed to show the existence of a factual question in that regard (*see, Hernandez v Board of Educ.,* 264 AD2d 709; *see generally, Alvarez v Prospect Hosp., supra*).

In light of these determinations, we need not reach the parties' remaining contentions. Santucci, J. P., Altman, Florio and Adams, JJ., concur.