■ STANISLAW WYSOCKI, Respondent, v ANDREAS BALALIS et al., Defendants, and PREVAIL GENERAL CONTRACTING, INC., et al., Appellants. (And a Third-Party Action.) [737 NYS2d 94] —In

an action to recover damages for personal injuries, the defendant York Scaffold Equipment Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Pincus, J.), dated May 31, 2000, as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, and the defendant Prevail General Contracting, Inc., separately appeals from so much of the same order as denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motions are granted, the complaint and all cross claims are dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff sustained injuries after falling from a scaffold that was supplied by the defendant York Scaffold Equipment Corp. (hereinafter York) and erected by his employer, the defendant Prevail General Contracting, Inc. (hereinafter Prevail). The plaintiff asserted causes of action to recover damages for common-law negligence and violations of Labor Law §§ 200, 240 (1), and § 241 (6). York and Prevail separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. The Supreme Court denied the motions.

The Supreme Court erred in denying York's motion, since York, as supplier of the scaffold, did not exercise any supervision, direction, or control over the plaintiff's work (*see, Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876; *Sabato v New York Life Ins. Co.,* 259 AD2d 535; *Haghighi v Bailer,* 240 AD2d 368).

The Supreme Court also erred in denying Prevail's motion. Since the plaintiff was employed by Prevail and received Workers' Compensation benefits for his injuries, the plaintiff is precluded from claiming that he was not an employee of Prevail, and this action is barred as to it by the exclusivity provisions of the Workers' Compensation Law (*see,* Workers' Compensation Law §§ 10, 11, 29 [6]; *Werner v State of New York,* 53 NY2d 346; *Turner v Gannett Suburban Newspaper,* 260 AD2d 370; *French v Shaft,* 154 AD2d 336; *Richiusa v Kahn Lbr. & Millwork Co.,* 148 AD2d 690). Ritter, Acting P.J., Smith, Adams and Cozier, JJ., concur.