■ VICTOR ACEVEDO, Respondent, v JOSHUA MEHLMAN et al., Defendants, and ABSTRACT SUPPLIES, INC., Appellant. (And a Third-Party Action.) [743 NYS2d 726] —In an action to recover damages for personal injuries, the defendant Abstract Supplies, Inc., appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated December 20, 2001, which granted the plaintiff's motion for partial summary judgment against it on the issue of liability pursuant to Labor Law § 240 (1).

Ordered that the order is reversed, on the law, with costs, the motion is denied, and, upon searching the record, the defendant Abstract Supplies, Inc., is granted partial summary judgment dismissing the plaintiff's second cause of action insofar as asserted against it.

The Supreme Court erred in granting the plaintiff's motion for partial summary judgment against the defendant Abstract Supplies, Inc. (hereinafter Abstract), on his Labor Law § 240 (1) claim. The record establishes that Abstract was not an owner or general contractor and did not control or supervise the plaintiff's work (see Russin v Picciano & Son, 54 NY2d 311, 317; Mancini v Pedra Constr., 293 AD2d 453; Sabato v New York Life Ins. Co., 259 AD2d 535, 536-537; D'Amico v New York Racing Assn., 203 AD2d 509, 510-511). Accordingly, upon searching the record, Abstract is entitled to partial summary judgment dismissing the Labor Law § 240 (1) claim insofar as asserted against it (see CPLR 3212 [b]; Larussa v Shell Oil Co., 283 AD2d 403; Stevenson v Alfredo, 277 AD2d 218). Smith, J.P., O'Brien, H. Miller and Cozier, JJ., concur.