■ EROILDO TORRES, Respondent, v NATHAN SEROTA et al., Respondents, and HOLLYWOOD ENTERTAINMENT, INC., Individu-

ally and Doing Business as HOLLYWOOD VIDEO, et al., Appellants. (And Third-Party Actions.) [762 NYS2d 252] —In an action to recover damages for personal injuries, the defendant Hollywood Entertainment, Inc., individually and doing business as Hollywood Video appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Pitts, J.), dated August 22, 2001, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability against it under Labor Law § 240 (1), denied that branch of its motion which was for summary judgment dismissing the cross claims insofar as asserted against it, and granted that branch of the cross motion of the defendant Full Service Contracting, Inc., which was for summary judgment dismissing the cross claims of the defendant Hollywood Entertainment, Inc., individually and doing business as Hollywood Video for contribution and indemnification insofar as asserted against the defendant Full Service Contracting, Inc., with respect to the plaintiff's common-law negligence and Labor Law § 200 claims, and the defendant Full Service Contracting, Inc., separately appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff, payable by the defendants Full Service Contracting, Inc., and Hollywood Entertainment Inc., individually and doing business as Hollywood Video.

Contrary to the contention of the defendant Full Service Contracting, Inc., the Supreme Court properly denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it, as it failed to meet its burden of demonstrating that it is not liable to the plaintiff under the Labor Law (see Sabato v New York Life Ins. Co., 259 AD2d 535, 537 [1999]).

There is no merit to the contention of the defendant Hollywood Entertainment, Inc., individually and doing business as Hollywood Video (hereinafter Hollywood) that the Supreme Court erroneously granted that branch of the plaintiff's motion which was for summary judgment against it on the issue of liability pursuant to Labor Law § 240 (1). In support of his motion, the plaintiff alleged that Hollywood failed to provide any safety devices (see Blair v Cristani, 296 AD2d 471, 471-472 [2002]). In opposition to this prima facie demonstration, Hollywood failed to raise a triable issue of fact that the plaintiff was a recalcitrant worker or that his own conduct was the sole

proximate cause of his injuries (*see Scorza v CBE, Inc.,* 231 AD2d 564 [1996]).

The parties' remaining contentions are without merit. Florio, J.P., S. Miller, McGinity and Adams, JJ., concur.