■ MICHAEL LOPEZ, Appellant, v STROBER KING BUILDING SUPPLY CENTERS, INC., et al., Respondents. [763 NYS2d 176] —Carpinello, J. Appeal from an order of the Supreme Court (Bradley, J.), entered June 28, 2002 in Ulster County, which, inter alia, granted defendants' cross motion for summary judgment dismissing the Labor Law §§ 200, 240 and 241 (6) causes of action.

Plaintiff, a roofing contractor, was hired to replace a roof on a single family residence. While in the process of removing sheets of plywood from the forks of a boom truck positioned over the roof, the sheets slid causing plaintiff to fall. He has sued the building supply company which delivered the plywood, as well as its employee who drove the truck and operated the boom, claiming that their negligence and violations of Labor Law §§ 200, 240 and 241 (6) caused his injuries. At issue on appeal is the propriety of an order of Supreme Court dismissing the Labor Law causes of action. Finding no error in the court's decision, we now affirm.

On this record, it is clear that defendants' only role in the subject construction job was to deliver building products to the residence pursuant to plaintiff's purchase order. Labor Law §§ 240 and 241 are expressly limited to "contractors and owners and their agents." Similarly, Labor Law § 200 has been construed to be a codification of "landowners' and general contractors' common-law duty to maintain a safe workplace" (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]). Since defendants are obviously neither contractors nor owners, the only possible basis for the imposition of this statutory liability would be if either was somehow found to be an agent of plaintiff or the homeowners (*see Murray v South End Improvement Corp.*, 263 AD2d 577, 578 [1999]).

The record is simply devoid of any facts to support such a relationship. Neither defendant had any contact whatsoever with the homeowners. Further, it is clear from the deposition transcripts submitted on the motion that the employee who operated the boom had no authority to control the manner in which plaintiff chose to unload the plywood. Consequently, defendants could not be considered agents of plaintiff under the statutes at issue (*see Russin v Picciano & Son*, 54 NY2d 311, 316-318 [1981]; *Schultz v Iwachiw*, 284 AD2d 980, 981 [2001], *lv dismissed, lv denied* 97 NY2d 625 [2001]; *Barker v Menard*, 237 AD2d 839, 841 [1997], *lv denied* 90 NY2d 804 [1997]).

Cardona, P.J., Spain, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.