■ Ralph E. Fisher, Appellant, v Charles Hart, Defendant, and Russell Martin, Respondent. [812 NYS2d 668]—

Spain, J. Appeal from an order of the Supreme Court (Kramer, J.), entered February 23, 2005 in Schenectady County, which granted defendant Russell Martin's cross motion for summary judgment dismissing the complaint against him.

In May 2002, plaintiff was injured when he fell while painting a barn on property owned by defendant Charles Hart and his wife, Nancy Hart. Defendant Russell Martin is Nancy Hart's brother. Martin had met plaintiff through a mutual acquaintance and had previously paid plaintiff to paint his home in 2000 and his parents' home in 2001, after which plaintiff requested additional work. In early 2001, Martin agreed to pay plaintiff $1,800 and to give him an old car for parts, in exchange for painting the three barns located on the Harts' property. It is uncontroverted that the Harts did not ask Martin to find a painter and were not looking to paint their barns, and first learned of Martin's plans when he asked his sister to purchase barn paint, which she did. Plaintiff brought all of his own equipment and supplies, including ladders, and neither Martin nor the Harts nor anyone else supervised or instructed plaintiff with regard to his painting.

Plaintiff reportedly fell while standing atop a ladder positioned on a tin shack roof attached to the third barn he was painting. He commenced this action against Hart and Martin for common-law negligence and premised upon Labor Law § 240 (1) and § 241 (6). Although not contained in the record, the parties rep-

resent that Supreme Court granted Hart's unopposed motion for summary judgment dismissing the complaint against him, apparently premised upon the exception for homeowners (*see* Labor Law § 240 [1]; § 241). After hearing arguments, the court orally granted Martin's cross motion for summary judgment dismissing the complaint against him. Plaintiff now appeals, and we affirm.

Fundamentally, for Martin to be held liable under Labor Law § 240 (1) or § 241 (6), he must be an owner, contractor or their agent. It was not disputed that the Harts were the sole owners, and there was no proof adduced that Martin was a contractor within the meaning of these statutes (*see Futo v Brescia Bldg. Co.,* 302 AD2d 813, 814-815 [2003]; *Outwater v Ballister,* 253 AD2d 902, 904 [1998]). Thus, liability could be imposed upon Martin only upon a showing that he had become a statutory "agent" of the Harts (*see Russin v Louis N. Picciano & Son,* 54 NY2d 311, 318 [1981]; *see also Walls v Turner Constr. Co.,* 4 NY3d 861, 863-864 [2005]; *Lopez v Strober King Bldg. Supply Ctrs.,* 307 AD2d 681 [2003]). Such an agency relationship arises for purposes of these nondelegable statutory duties "only when work is delegated to a third party who obtains the authority to supervise and control the job" (*Blake v Neighborhood Hous. Servs. of N.Y. City,* 1 NY3d 280, 293 [2003]; *see Walls v Turner Constr. Co., supra* at 864; *Russin v Louis N. Picciano & Son, supra* at 318; *Barker v Menard,* 237 AD2d 839, 841 [1997], *lv denied* 90 NY2d 804 [1997]).

Here, neither the Harts' acquiescence to Martin's plans to have their barns painted at his expense nor their purchase of the paint constituted a delegation of work or responsibility to Martin, or forfeiture to him of authority to supervise and control that work so as to render Martin their statutory agent (*see Blake v Neighborhood Hous. Servs. of N.Y. City, supra* at 293; *Losurdo v Skyline Assoc., L.P.,* 24 AD3d 1235 [2005]; *Williams v Maloziec,* 15 AD3d 877 [2005]; *see also Lopez v Strober King Bldg. Supply Ctrs., supra* at 681; *cf. Walls v Turner Constr. Co., supra* at 864; *Barraco v First Lenox Terrace Assoc.,* 25 AD3d 427 [2006]; *Nienajadlo v Infomart N.Y., LLC,* 19 AD3d 384 [2005]; *Fisher v Coghlan,* 8 AD3d 974, 976 [2004], *lv dismissed* 3 NY3d 702 [2004]; *Aranda v Park E. Constr.,* 4 AD3d 315, 316 [2004]). Martin supplied none of the equipment or supplies and neither assumed nor was vested by the owners with any duties to oversee safety practices or any other aspect of the painting (*see Barker v Menard, supra* at 841; *see also Russin v Louis N. Picciano & Son, supra* at 318; *cf. Walls v Turner Constr. Co., supra* at 864; *Nephew v Klewin Bldg. Co., Inc.,* 21 AD3d 1419,

1420-1421 [2005]; *Fiorentine v Militello,* 275 AD2d 990, 991 [2000]; *Doyne v Barry, Bette & Led Duke,* 246 AD2d 756, 758 [1998]). Likewise, no contractual agreements existed to create a statutory agency with the owners (*see Hutchinson v City of New York,* 18 AD3d 370, 371 [2005]; *cf. Walls v Turner Constr. Co., supra* at 864). Since Martin established, as a matter of law, the absence of the requisite indicia of an agency relationship with the Harts, he was properly awarded summary judgment dismissing the complaint.

We note that plaintiff has abandoned any arguments regarding the dismissal of his common-law negligence claim by failing to address it in his brief on appeal (*see Carney v Carozza,* 16 AD3d 867, 868 n [2005]).

Mercure, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.