SALVATORE FICANO et al., Respondents, v FRANKLIN STUCCO SUPPLY, INC., Appellant. [898 NYS2d 882]—

In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), dated April 7, 2009, as denied its motion for summary judgment dismissing the complaint and granted that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is granted, and that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) is denied.

The plaintiffs failed to establish, prima facie, their entitlement to judgment as a matter of law on the issue of liability

pursuant to Labor Law § 240 (1). Labor Law § 240 (1) imposes liability only on contractors, owners, or their agents (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 293 [2003]). For purposes of establishing liability pursuant to Labor Law § 240 (1), an agency relationship arises only when work is delegated to a third party who obtains the authority to supervise and control the work being performed (*id.* at 293; *see Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]).

The plaintiffs failed to establish, as a matter of law, that the defendant was an owner, contractor, or statutory agent of an owner or contractor subject to liability under Labor Law § 240 (1). Thus, the Supreme Court erred in granting that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) (*see Russin v Louise N. Picciano & Son*, 54 NY2d at 318; *Wysocki v Balalis*, 290 AD2d 504 [2002]; *Brooks v Harris Structural Steel*, 242 AD2d 653 [1997]).

The defendant, however, established its entitlement to judgment as a matter of law dismissing the complaint, which alleges common-law negligence and violations of Labor Law §§ 200, 240 (1) and § 241 (6), with evidence that another entity was hired to perform work at the premises where the plaintiff Salvatore Ficano allegedly was injured, and that the defendant was neither hired to perform the work, nor had authority to control or supervise the work being performed (*see Russin v Louis N. Picciano & Son*, 54 NY2d at 318; *Huerta v Three Star Constr. Co., Inc.*, 56 AD3d 613 [2008]). In opposition, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint, and denied that branch of the plaintiffs' cross motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1). Mastro, J.P., Santucci, Belen and Chambers, JJ., concur.