■ GRAYSON JOHNSON, Plaintiff, v CITY OF NEW YORK, Respondent, and BOVIS LEND LEASE, LMB, INC., Appellant, et al., Defendant. [991 NYS2d 36]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered August 6, 2013, which, to the extent appealed from as limited by the briefs, granted the City of New York's motion for summary judgment on its contractual and common-law indemnification cross claims against defendant Bovis Lend Lease, LMB, Inc., unanimously affirmed, without costs.

Triable issues of fact were raised by plaintiff's deposition testimony as to whether the debris and garbage he observed on the floor prior to his accident caused the foot of his ladder to

jump or slip out from beneath him. Plaintiff claimed that when placing the ladder, he swept the area beneath it with his foot and checked to make sure that there was no debris before climbing to the fourth rung. While plaintiff testified that he assumed that it was a piece of debris that caused his ladder to jump or slip, he also said that he never saw any specific piece of debris under his ladder, either before or after his accident.

Although relevant only to plaintiff's pending Labor Law §§ 240 (1) and 241 (6) claims against Bovis, the undisputed evidence established that Bovis was a statutory agent for the City since it possessed and exercised supervisory control and authority over the work being done (see *Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005]). "When the work giving rise to [the duty to conform to the requirements of section 240 (1)] has been delegated to a third party, that third party then obtains the concomitant authority to supervise and control that work and becomes a statutory 'agent' of the owner or general contractor" (*Russin v Louis N. Picciano & Son*, 54 NY2d 311, 318 [1981]). Bovis's own superintendent testified that Bovis functioned as the "eyes and ears" of the City for the subject construction project, and it had broad responsibility under its contract to coordinate and supervise the work of the four prime contractors, including plaintiff's employer (*Walls* at 864). While one of these four prime contractors, Tully Construction Co., Inc., was labeled in its contract with the City as a "general contractor," the deposition testimony of Tully's superintendent confirmed that Bovis had the authority to direct Tully's work.

Since the indemnity provision requires Bovis to indemnify the City for Bovis's negligence "or from [its] failure to comply with any provision of this contract or of law," the City is entitled to full contractual indemnification for any violation of the Labor Law. Concur—Sweeny, J.P., Renwick, Andrias, Richter and Kapnick, JJ.