Adagio v New York State Urban Dev. Corp. (2018 NY Slip Op 03744)





Adagio v New York State Urban Dev. Corp.


2018 NY Slip Op 03744


Decided on May 24, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 24, 2018

Friedman, J.P., Gische, Andrias, Kern, Oing, JJ.


6653 150273/13 -1851 595336/14 160646/14

[*1]William Adagio, et al., Plaintiffs-Respondents,
v
New York State Urban Development Corporation, et al., Defendants-Respondents, United States Roofing Corporation, et al., Defendants-Appellants, Racanelli Construction Company, Inc., et al., Defendants,
United States Roofing Corporation, Third-Party Plaintiff-Appellant,
v
Total Safety Consulting, LLC, Third-Party Defendant.
William Adagio and Cathy Adagio, Plaintiffs,
v
Total Safety Consulting, LLC, Defendant.


Lewis Brisbois Bisgaard & Smith, LLP, New York (Anthony S. McCaskey and Maria Drauakas of counsel), for appellants.
Dell & Dean, PLLC, Garden City (Michael D. Schultz of counsel), for William Adagio and Cathy Adagio, respondents.
McGaw, Alventosa & Zajac, Jericho (Ross P. Masler of counsel), for New York State Urban Development Corporation, Empire State Development Corporation, New York Convention Center Development Corporation, New York Convention Center Operating Corporation and Triborough Bridge and Tunnel Authority, respondents.



Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about October 24, 2017, which, insofar as appealed from as limited by the briefs, denied defendants United States Roofing Corporation (USRC) and A-Deck, Inc.'s (A-Deck) motion for summary judgment dismissing the complaint and all cross claims against them, unanimously reversed, on the law, and the motion granted, without costs. The Clerk is directed to enter judgment [*2]dismissing the complaint and all cross claims against USRC and A-Deck.
The Labor Law § 240(1) claim should be dismissed, because the injured plaintiff's accident did not involve an elevation-related risk (see Runner v New York Stock Exch., Inc., 13 NY3d 599, 603 [2009]). Plaintiff tripped on a pile of sand on the ground, at the same level at which he was walking.
Further, the Labor Law § 241(6) claim should be dismissed because neither USRC nor A-Deck may be held liable under that statute. "Labor Law § 241(6) does not automatically apply to all subcontractors on a site or in the chain of command'" (Vargas v Peter Scalamandre & Sons, Inc., 105 AD3d 454, 455 [1st Dept 2013], quoting Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]). "Rather, for liability under the statute to attach to a defendant, a plaintiff must show that the defendant exercised control either over the plaintiff, the specific work area involved or the work that gave rise to the injury" (Vargas, 105 AD3d at 455). Here, there is no evidence that either USRC or A-Deck exercised any control over the plaintiff, the specific work area involved or the work that gave rise to plaintiff's injury.
The Labor Law § 200 claim should also be dismissed as neither USRC nor A-Deck may be held liable under that statute. "Section 200 of the Labor Law merely codified the common-law duty imposed upon an owner or general contractor to provide construction site workmen with a safe place to work" (Russin, 54 NY2d at 316-317). "An implicit precondition to this duty to provide a safe place to work is that the party charged with that responsibility have the authority to control the activity bringing about the injury to enable it to avoid or correct an unsafe condition" (Id. at 317). Here, there is no evidence that either USRC or A-Deck had the authority to control the activity that brought about plaintiff's injury.
USRC and A-Deck are also entitled to dismissal of the common-law negligence claim against them since there is no evidence that it is their sand that caused plaintiff's fall. It follows that USRC and A-Deck are entitled to summary judgment dismissing the cross claims against them for contractual indemnification, common-law indemnification and contribution.
M-1851 — Adagio v New York State Urban Development Corp.
Motion for stay denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 24, 2018
CLERK