Locke v URS Architecture & Eng'g-N.Y., P.C. (2022 NY Slip Op 00941)





Locke v URS Architecture & Eng'g-N.Y., P.C.


2022 NY Slip Op 00941


Decided on February 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 10, 2022

Before: Gische, J.P., Kern, Moulton, Kennedy, Rodriguez, JJ. 


Index No. 151471/13 Appeal No. 15274 Case No. 2020-03262 

[*1]Michael Locke et al., Plaintiffs-Respondents,
v
URS Architecture & Eng'g-N.Y., P.C., et al., Defendants-Appellants-Respondents, Crescent Contr. Corp., Defendant-Respondent-Appellant, Tri-Rail Constr., Inc., Defendant-Respondent. [And Third-Party Actions]


Lewis Johs Avallone Aviles, LLP, New York (Kevin G. Mescall of counsel), for appellants-respondents.
Wade Clark Mulcahy, LLP, New York (Marium Sulaiman of counsel), for respondent-appellant.
The Ruth E. Bernstein Law Firm, New York (Ruth E. Bernstein of counsel), for Michael Locke and Monica Locke, respondents.
Correia, King, McGinnis & Liferiedge, White Plains (Laura R. Efrati of counsel), for Tri-Rail Construction, Inc., respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered July 10, 2020, which, insofar as appealed from as limited by the briefs, granted the motion of plaintiffs for summary judgment against defendant URS Architecture & Engineering-New York, P.C. and defendant/third-party defendant URS Corporation-New York (together, URS) on their common-law negligence and Labor Law § 200 claims and on the Labor Law § 241(6) claim predicated on Industrial Code (12 NYCRR) § 23-1.7(d), denied the motion of URS for summary judgment dismissing the complaint against it and on its contractual indemnification claim against defendant/second third-party plaintiff Tri-Rail Construction, Inc., and denied the motion of defendant/third-party plaintiff Crescent Contracting Corp. for summary judgment dismissing the common-law negligence and Labor Law § 200 claims against it and on its claim for common-law indemnification against URS, unanimously modified, on the law, to grant Crescent's motion to the extent of dismissing the common-law negligence and Labor Law § 200 claims against it, and to grant URS's motion to the extent of granting it conditional contractual indemnification against Tri-Rail pending apportionment of liability, and otherwise affirmed, without costs.
Plaintiffs seek to recover for injuries that the injured plaintiff allegedly sustained when he slipped and fell on soapy water on the floor of the restroom designated by URS, the construction manager at the worksite, for use by construction workers. The designated bathroom was near the staging area where contractors had placed shanties for the workers to use. According to plaintiff's deposition testimony, he regularly informed URS that the sink in the workers' restroom was overflowing, causing water to pool on the floor, and requested that the problem be remedied. However, URS informed him that the restroom was the responsibility of Tri-Rail, the prime general contractor.
Supreme Court correctly denied URS's motion for summary judgment dismissing the complaint as against it. The work that the property owner delegated to URS included designating the restrooms that were to be used by the workers; by designating particular restrooms and forbidding entry to others, URS exercised control over the injury-producing activity — that is, using the restroom while at the work site —and therefore is liable as the owners' agent (Labor Law § 241(6); see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]; Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]; Turner Constr. Co. v Pace Plumbing Corp., 298 AD2d 146, 147 [1st Dept 2002]).
Further, since the injury arose from a dangerous condition on the premises, URS is liable under Labor Law § 200 because it had authority over the dangerous area of the worksite and notice of the unsafe condition (see Hewitt v NY 70th St. LLC, 187 AD3d 574, 575 [1st Dept 2020]; Cappabianca v Skanska USA Bldg. Inc., 99 AD3d 139, 143-144 [1st Dept 2012]). Similarly, URS is [*2]liable for common-law negligence because it had control over workers' use of restroom facilities but failed to designate an alternate restroom for their use despite having notice of the dangerous condition (see Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 554 [1st Dept 2009]).
As to contractual indemnification, although URS may not be indemnified for its own negligence, it is nonetheless entitled to conditional contractual indemnification from Tri-Rail, pending an apportionment of fault, as Supreme Court determined that Tri-Rail had also been negligent by failing to maintain the restroom (Rainer v Gray-Line Dev. Co., LLC, 117 AD3d 634, 635-636 [1st Dept 2014]).
Crescent prima facie established its entitlement to summary judgment dismissing the common-law negligence and Labor Law § 200 claims against it by presenting evidence that the workers' restroom where plaintiff's accident occurred was outside its contract and it did not perform any work in the workers' restroom. To be sure, Crescent was, at one point, asked to inspect the "shanty area bathrooms," and a daily report states that its plumbers later did some kind of testing on the floor where the workers' restroom was located. However, the request to inspect the shanty area bathrooms came more than a month before any problem with the sink was noted, and plaintiff points to nothing in the record, other than speculation, showing that Crescent was asked specifically to check or repair the sink in the workers' restroom. Thus, the record is insufficient to raise an issue of fact as to whether Crescent owed a duty to plaintiff. Because Crescent is not liable, its common-law indemnification claim against URS is academic (see Canty v 133 East 79th St., LLC, 167 AD3d 548, 550 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 10, 2022