■ LAURA J. FELTT, as Administrator of the Estate of DAVID J. FELTT, Deceased, Appellant, v JAMES R. OWENS et al., Respondents. [668 NYS2d 757] —White, J. Appeal from an order of the Supreme Court (Viscardi, J.), entered March 26, 1997 in Essex County, which granted defendants' motions for summary judgment dismissing the complaint and all cross claims.

During the 1991 construction season, defendants James R. Owens (hereinafter Owens) and Cari A. Owens engaged defendants Harlow Excavating and Contracting, Inc. and Yanbar, Inc. to make several improvements to their one-family dwelling located in the Village of Lake Placid, Essex County. The last project, undertaken by Yanbar, was the removal of an 8 by 12-foot concrete bomb shelter that was located in the

dwelling's basement. On December 23, 1991, David J. Feltt (hereinafter decedent) was working at ground level under the shelter's concrete roof when the roof fractured and fell upon him, inflicting injuries that resulted in his death. Thereafter, plaintiff, decedent's wife, obtained workers' compensation benefits and commenced this personal injury and wrongful death action predicated upon Labor Law §§ 200, 240 (1) and § 241 (6). After the completion of discovery, defendants moved for summary judgment dismissing plaintiff's complaint. Supreme Court granted each defendant's motion, prompting this appeal.

Liability under Labor Law § 240 (1) and § 241 (6) cannot be imposed upon owners of one-family dwellings who contracted for but who did not direct or control the work. The synthesis drawn from the case law is that owners will not be deemed to have exercised direction and control without proof that they participated in the work to a significant degree (*see, Lieberth v Walden*, 223 AD2d 978). Here, plaintiff's proof on this point is that Owens directed that the project not commence until December 23, 1991 and that he may have acted as his own general contractor. This proof is insufficient to create a question of fact on the issue of direction and control as it does not establish that the Owenses had anything to do with the method and manner in which Yanbar performed its work (*see, Lane v Karian*, 210 AD2d 549). Accordingly, Supreme Court properly determined that these statutory causes of action could not be maintained against the Owenses. Likewise, the absence of evidence that the Owenses exercised control over the work decedent was performing required the dismissal of plaintiff's Labor Law § 200 cause of action (*see, Marks v Morehouse*, 222 AD2d 785, 787).

Yanbar, citing Workers' Compensation Law § 11, maintains that it is shielded from liability because the Workers' Compensation Board determined that it was decedent's employer and plaintiff sought and has accepted workers' compensation benefits. While plaintiff vigorously contends that Harlow was decedent's employer, the Workers' Compensation Board's determination that Yanbar was his employer is final and binding and cannot be collaterally attacked in this action (*see, Lamkins v State of New York*, 233 AD2d 599; *Zabava v 178 E. 78*, 212 AD2d 406; *Bonacci v Treffiletti Supermarkets*, 205 AD2d 907). Instead, plaintiff must apply to the Workers' Compensation Board for reconsideration of its decision (*see, Cunningham v State of New York*, 60 NY2d 248, 253). Unless such decision is reversed, plaintiff, having applied for and accepted workers'

compensation benefits, is barred from maintaining this action against Yanbar (*see, Werner v State of New York*, 53 NY2d 346, 348-349; *Monteverde v Delta Intl. Mach. Corp.*, 215 AD2d 240). Thus, Yanbar's motion was properly granted by Supreme Court.

Plaintiff's position with respect to Harlow is inconsistent in that she maintains that Harlow was decedent's employer, which, if true, would preclude this action against Harlow. At the same time plaintiff argues that she should be allowed to proceed against Harlow pursuant to the applicable Labor Law provisions as it was acting as a general contractor. Inasmuch as the present posture of this case is that Yanbar was decedent's employer, we will consider plaintiff's latter argument.

Labor Law §§ 200, 240 and 241 do not define general contractor; however, it is understood that a general contractor is generally responsible for the coordination and execution of all the work at the worksite (*see, Russin v Picciano & Son*, 54 NY2d 311, 316; *Bjelicic v Lynned Realty Corp.*, 152 AD2d 151, 153, *appeal dismissed* 75 NY2d 947). Harlow supports its contention that it was not a general contractor with proof that it did not speak to Yanbar about this project, did not supervise Yanbar in any manner and that no one from Harlow was present at the job site. The record discloses that Owens issued directions directly to Yanbar and that Yanbar billed him directly, actions that would not be expected if he had retained Harlow as the general contractor. Plaintiff presented proof that Owens spoke to Harlow in the fall of 1991 about the bomb shelter project and that Harlow agreed to make arrangements to remove it. In our view this is not material evidence since it is merely a statement of intention that does not in any manner establish that Harlow was substantially in charge of and in supervisory control of the worksite. Furthermore, Owens essentially withdrew the statement in his pretrial deposition. Therefore, taking into account the entire record, we conclude as a matter of law that Harlow was not a general contractor and thus not amenable to suit under Labor Law §§ 200, 240 or 241, thereby entitling it to summary judgment (*compare, Kenny v Fuller Co.*, 87 AD2d 183, 188-189, *lv denied* 58 NY2d 603).

In light of our determination, we need not reach the issue of whether decedent's accident falls within the ambit of Labor Law § 240 (1).

Cardona, P. J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with one bill of costs.