■ In the Matter of LURGI METALLURGIE GMBH, Formerly Known as LURGI CHEMIE METALLURGIE INDUSTRIEBAU GMBH, Appellant, v INDUSTRIAL RISK INSURERS, Respondent. [691 NYS2d 485] —Order, Supreme Court, New York County (Stanley Parness, J.), entered on or about June 16, 1998, which denied petitioner's application to stay arbitration demanded by respondent, unanimously affirmed, without costs.

The IAS Court correctly held that Nevada's, rather than Colorado's, statute should apply, Nevada being the location of the plant that was the subject of the construction contract between petitioner and respondent's insured, the place where such contract was executed and in large part performed, and the place of petitioner's alleged negligence and breach of contract (see, Insurance Co. v ABB Power Generation, 91 NY2d 180). We also agree that all of respondent's claims are timely under Nevada's statute. The IAS Court also correctly held that the arbitration is not barred by the antisubrogation rule, where petitioner, although named as an additional insured on respondent's policy "as [its] interest may appear", did not have an insurable interest in the primary insured's property or profits, loss of which respondent now seeks to recover in the arbitration, but only in its own tools, labor and material furnished or owned by it (see, Tishman Co. v Carney & Del Guidice, 34 NY2d 941; S.S.D.W. Co. v Brisk Waterproofing Co., 76 NY2d 228, 234-235). Indeed, petitioner makes no showing that it sustained any pecuniary loss as a result of the fire at the plant it was building for respondent's insured. Concur—Ellerin, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.