■ St. Paul Fire & Marine Insurance Company, as Subrogee of New York City School Construction Authority, Appellant, v L.E.S. Subsurface Plumbing Company, Inc., et al., Respondents. [699 NYS2d 31] —Order, Supreme Court, New York County (Carol Huff, J.), entered June 30, 1998, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, with costs, the motion for summary judgment denied except to the extent of finding that in the event of any recovery by plaintiff, defendant Par is entitled to a set-off in the amount of $78,009.91, and the complaint reinstated.

The motion court erred in finding that defendant plumbing subcontractors were protected from subrogation in excess of their insured property interest under the builder's risk policy and that said policy's subrogation waiver endorsement was a self-executing waiver. This action, brought by the subrogor-builder's risk insurer seeking to hold defendants liable for damages of $1,284,902.12, less a $25,000 deductible, alleged to have been negligently caused by a burst water pipe, is not barred by the anti-subrogation rule. Under the circumstances, where the builder's risk policy does not name defendants as insureds, but its "Additional Property Extension Endorsement" covers the loss of "all materials, supplies, equipment and machinery intended for use in and to become a permanent part

of construction work", the anti-subrogation bar operates only to the extent of defendants' insurable interest (*see, Tishman Co. v Carney & Del Guidice*, 36 AD2d 273, 274, *affd* 34 NY2d 941; *S.S.D.W. Co. v Brisk Waterproofing Co.*, 76 NY2d 228, 233-234; *Matter of Lurgi Metallurgie v Industrial Risk Insurers*, 262 AD2d 75, *lv denied* 93 NY2d 818; *Commerce & Indus. Ins. Co. v Admon Realty*, 168 AD2d 321, 322-323), which is limited in this instance to the repairs, made by defendant Par at a cost of $78,009.91, necessitated by the burst pipe. The plain language of the subrogation waiver endorsement (*see, S.S.D.W. Co. v Brisk Waterproofing Co.*, *supra*) precludes a reading that it is self-executing, since it clearly contemplates that such waiver is executory and may only occur at the instance of the insured. Concur—Rosenberger, J. P., Williams, Tom, Mazzarelli and Saxe, JJ.