■ CHRISTOPHER DILLION, Plaintiff, v PARADE MANAGEMENT CORPORATION et al., Defendants and Third-Party Plaintiffs-Respondents. HIGH TOWER CONTRACTING, INC., Third-Party Defendant-Appellant. [702 NYS2d 368] —In an action to recover damages for personal injuries, the third-party defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Dye, J.), dated July 8, 1998, as denied those branches of its motion for summary judgment as were to dismiss the third-party claims seeking contractual indemnification and to recover damages for breach of contract.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff was allegedly injured when he fell from a scaffold. He thereafter commenced this action against the defendant third-party plaintiff Pep-Boys Auto Parts (hereinafter Pep-Boys), the owner of the premises where he was working when he was injured, the defendant third-party plaintiff Parade Management Corporation (hereinafter Parade), the manager of the premises, and the defendant third-party plaintiff Abcon Associates, Inc. (hereinafter Abcon), the general contractor for the project. The plaintiff seeks damages arising from, *inter alia*, violations of the Labor Law. In turn, Pep-Boys, Parade, and Abcon (hereinafter referred to collectively as the third-party plaintiffs) commenced a third-party action against the appellant, High Tower Contracting, Inc. (hereinafter Hightower), a subcontractor on the project and the plaintiff's employer at the time of the accident. The third-party plaintiffs alleged, *inter alia*, that they were entitled to contractual indemnity from Hightower, and that Hightower breached its contractual obligation to procure certain stated liability insurance naming them as additional insureds. After issue was joined and limited disclosure conducted, Hightower moved for summary judgment dismissing the third-party complaint, arguing, *inter alia*, that a policy of insurance it had procured from Valley Forge Insurance Company (hereinafter Valley Forge) satisfied its contractual duty to provide the same, and that the third-party action was barred by the antisubrogation rule (*see generally, North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281). In the order appealed from, the Supreme Court denied Hightower's motion to the extent that it sought dismissal of the third-party claims for contractual indemnity and to recover damages for breach of contract. We agree.

On the record presented, questions of fact exist as to whether the insurance policy procured by Hightower from Valley Forge satisfied its contractual duty to provide coverage. Further, dismissal of the third-party complaint pursuant to the antisubrogation rule would be premature at this time.

The equitable doctrine of subrogation permits an insurer to "stand in the shoes" of its insured and seek indemnification from third parties whose wrongdoing has caused a loss that the insurer is bound to reimburse (*see, North Star Reins. Corp. v Continental Ins. Co., supra*). This permits the allocation of responsibility for a loss to the party who, in equity and good conscience, ought to pay for it, and avoids absolving a wrong-

doer of liability merely because an insured party had the foresight to obtain insurance (*see, North Star Reins. Corp. v Continental Ins. Co., supra*). The antisubrogation rule, an exception to this general rule, provides that an insurance company cannot recover from its own insured for the very risk for which the insured was covered (*see, North Star Reins. Corp. v Continental Ins. Co., supra*). The public policy underlying the exception is to prevent an insurer from passing a loss to its own insured, and to guard against the potential for conflict of interest that may affect an insurer's incentive to provide a vigorous defense for its insured (*see, North Star Reins. Corp. v Continental Ins. Co., supra*). Here, however, the antisubrogation rule is not implicated by the third-party action against Hightower. It is not disputed that the prosecution of the third-party action is pursuant to a policy procured by Abcon from Providence Washington Insurance Company (hereinafter Providence), and that Hightower is not an insured party thereunder. Accordingly, any recovery by Providence (through the third-party plaintiffs) as against Hightower would not be a recovery against one of Providence's own insureds (*see, National Union Fire Ins. Co. v Hartford Ins. Co.,* 248 AD2d 78, *affd* 93 NY2d 983; *Fitch v Turner Constr. Co.,* 241 AD2d 166; *White v Hotel D'Artistes,* 230 AD2d 657; *Flowers v KG Land N. Y. Corp.,* 219 AD2d 579; *Estate of Aprea v Willets Point Contr. Corp.,* 215 AD2d 708). Ritter, J. P., Joy, H. Miller and Smith, JJ., concur.