■ BRENDAN MORRIS et al., Respondents, v FRANK P. PEPE, Defendant, and JOSEPH MARQUES HOME IMPROVEMENT, Appellant. (And a Third-Party Action.) [725 NYS2d 214] —In an action to recover damages for personal injuries, etc., the defendant Joseph Marques Home Improvement appeals, as limited by its brief, from stated portions of an order of the Supreme Court, Nassau County (Winick, J.), dated December 8, 1999.

peal from a judgment of the Supreme Court, Nassau County (Galasso, J.), dated March 28, 2000, which, upon a jury verdict in favor of the defendant Joseph Marques Home Improvement, dismissed the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

The plaintiffs Brendan Morris and Michael Cruz, employees of the third-party defendant, Rapisardi Construction Corp. (hereinafter Rapisardi), were injured on May 8, 1995, when a scaffold collapsed at the site of a project involving the installation of vinyl siding on a house. They seek to recover damages for personal injuries against the defendant, a party identified as "Joseph Marques Home Improvement" (hereinafter Marques). The precise nature of this defendant is not defined with any clarity in the complaint, which identifies this defendant only as a "duly licensed entity." Our review of the record fails to reveal the existence of any legally cognizable entity other than Joseph Marques, the natural person, who apparently did business under the name "Joseph Marques Home Improvement."

The evidence adduced at trial established that the plaintiff Brendan Morris and the individual, Joseph Marques, installed the scaffolding in question on May 1, 1995, one week before the accident. However, Joseph Marques was not present on May 8, 1995, when the accident took place. The case was submitted to the jury solely on a theory of common-law negligence, and it found in favor of Marques and against the plaintiffs.

The plaintiffs argue that the Supreme Court erred in failing to submit to the jury their claims based on Labor Law § 240 (1) and § 241 (6). However, since Marques was neither an owner nor a general contractor, "liability will attach under Labor Law §§ 240 and 241 only if it is evinced that it was a statutory 'agent' of the owner or general contractor" (*D'Amico v New York Racing Assn.*, 203 AD2d 509, 511, quoting *Russin v Picciano & Son,* 54 NY2d 311). The plaintiffs argue that the evidence indicates, at the very least, the presence of an issue of fact as to whether Marques was a statutory agent of the general contractor, Rapisardi. We disagree.

The evidence shows that Rapisardi and Marques worked together on an ad hoc basis, without any specific contract. Rapisardi, as general contractor, had ultimate supervisory control over all facets of the work being done at the Pepe house. The fact that Marques may have been primarily responsible for the erection of the scaffold does not warrant a conclusion that he was Rapisardi's statutory agent within the meaning of Labor

Law § 240 (1) and § 241 (6) (*see, Velez v Tishman Foley Partners,* 245 AD2d 155; *Barker v Menard,* 237 AD2d 839; *Walsh v Sweet Assocs.,* 172 AD2d 111). In the absence of proof that Marques had authority to supervise the injured plaintiffs' work at the time of the accident, or that Marques had contracted with Rapisardi for the maintenance of the scaffolding throughout the progress of the work, and given that Marques was not even present on the day of the accident, there was no basis upon which the jury could have concluded that Marques had stepped "into the shoes" of Rapisardi so as to have become a statutory agent (*see, Hojohn v Beltrone Const. Co.,* 255 AD2d 658; *Decotes v Merritt Meridian Corp.,* 245 AD2d 864; *cf., Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774).

The plaintiffs' remaining contentions are without merit. Bracken, P. J., Santucci, S. Miller and Smith, JJ., concur.