■ JAVIER MORALES et al., Respondents, v FEDERATED DEPARTMENT STORES, INC., et al., Defendants, and ACE SCAFFOLDING, Appellant. (And Other Titles.) [774 NYS2d 180]—

In an action to recover damages for personal injuries, etc., the defendant Ace Scaffolding appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated November 6, 2002, as denied those branches of its motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6) insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240 (1), and § 241 (6) insofar as asserted against the appellant are granted, and those causes of action are dismissed insofar as asserted against the appellant.

The injured plaintiff, Javier Morales (hereinafter the plaintiff), an employee of the defendant APA Restoration Corp. (hereinafter APA), was injured when a parapet wall of a sidewalk bridge collapsed, causing his fall to the ground below. The defendant Ace Scaffolding (hereinafter Ace) erected the sidewalk bridge.

Ace was not an owner, general contractor, or statutory agent of either because it had no authority to supervise and control the plaintiff's work. Therefore, it bears no liability under Labor Law § 240 (1) or § 241 (6) (see Russin v Picciano & Son, 54 NY2d 311, 318 [1981]; Morris v Pepe, 283 AD2d 558, 559-560 [2001]; cf. Kehoe v Segal, 272 AD2d 583, 584 [2000]).

Because Ace had no authority to supervise or control the work that caused the plaintiff's injuries, it cannot be found liable under Labor Law § 200 either (see Allen v Cloutier Constr. Corp., 44 NY2d 290, 299 [1978]; Sprague v Peckham Materials Corp.,

240 AD2d 392, 394 [1997]; *Noah v 270 Lafayette Assoc.,* 233 AD2d 108, 109 [1996]). Since Ace on its appeal does not address the plaintiffs' claim to recover damages for common-law negligence (*see Kanney v Goodyear Tire & Rubber Co.,* 245 AD2d 1034, 1036 [1997]), we do not decide whether a factual issue exists as to whether the accident was caused by a defect in the scaffold or its erection or whether it was caused by its misuse by the plaintiff or APA. Ritter, J.P., H. Miller, Crane and Cozier, JJ., concur.