(February 27, 2007)

■ PAUL AVERSANO et al., Appellants, v JWH CONTRACTING, LLC, Respondent, et al., Defendant. [831 NYS2d 222]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Dolan, J.), dated August 9, 2005, as denied their motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against the defendant JWH Contracting, LLC, and granted that branch of the motion of the defendant JWH Contracting, LLC, which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Albert Witte hired a number of contractors to renovate his home, including the defendant JWH Contracting, LLC (hereinafter JWH), which was to perform the carpentry work, trimming, and the installation of a deck and windows. Witte also hired Elite Electrical Enterprises, Inc. (hereinafter Elite), the employer of the plaintiff Paul Aversano (hereinafter the plaintiff), which was to perform the electrical work. On the day of the accident, the plaintiff was using Elite's ladder to reach wires in Witte's bedroom. However, the ladder was too short and he had to hop on to an attic joist using his chest to balance himself. While the plaintiff's feet dangled above the ladder, he grabbed the wires and then fell to the floor below. The Supreme Court denied the plaintiffs' motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against JWH and granted that branch of JWH's motion which was for summary judgment dismissing that cause of action insofar as asserted against it.

Labor Law § 240 (1) imposes a nondelegable duty upon owners, contractors, or their agents to provide proper protection to a worker performing certain types of construction work (see Bland v Manocherian, 66 NY2d 452, 459 [1985]; Armentano v Broadway Mall Props., Inc., 30 AD3d 450 [2006]). "A general contractor will be held liable under [Labor Law § 240 (1)] if it was responsible for coordinating and supervising the entire construction project and was invested with a concomitant power to enforce safety standards and to hire responsible contractors" (Kulaszewski v Clinton Disposal Servs., 272 AD2d 855, 856 [2000]; see Kenny v Fuller Co., 87 AD2d 183, 189-190 [1982]). A contractor may be held vicariously liable as the agent of a property owner for injuries sustained under Labor Law § 240 (1) where the contractor had the ability to supervise and control the activity which brought about the injury (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005], citing Russin v Louis N. Picciano & Son, 54 NY2d 311, 317-318 [1981]; see also Coque v Wildflower Estates Developers, Inc., 31 AD3d 484, 488 [2006]; Aranda v Park E. Constr., 4 AD3d 315, 316 [2004]).

The evidence presented on the motions established that JWH was neither a general contractor nor a statutory agent for purposes of liability under Labor Law § 240 (1). Witte, not JWH, selected the other contractors, including Elite, and paid them directly (see Nowak v Smith & Mahoney, 110 AD2d 288, 290 [1985]; Whelen v Warwick Val. Civic & Social Club, 63 AD2d 646, 647 [1978], affd 47 NY2d 970 [1979]; see also Feltt v Owens, 247 AD2d 689, 691 [1998]). Additionally, JWH and Elite each

had separate contracts with Witte, and JWH's contract did not give it the authority to insist that proper safety practices be followed by other contractors (*see Kulaszewski v Clinton Disposal Servs., supra; cf. Relyea v Bushneck*, 208 AD2d 1077, 1078 [1994]). Employees of JWH were not present at Witte's home on the day of the accident and, in fact, employees of both JWH and Elite were rarely working on the same days (*see Morris v Pepe*, 283 AD2d 558, 560 [2001]). Moreover, it is undisputed that the plaintiff was injured while using Elite's ladder (*see Fisher v Hart*, 27 AD3d 998, 999 [2006]; *but see Kehoe v Segal*, 272 AD2d 583, 584 [2000]). The evidence established that JWH and Elite were each prime contractors responsible for different portions of the renovation (*see Russin v Louis N. Picciano & Son, supra*).

Contrary to the plaintiffs' contention, JWH did not involve itself in all the details of the plaintiff's work. While JWH discussed where the outlets and wiring were to be placed, Elite controlled how they were to be installed. In fact, no one was supervising the plaintiff's work on the day of the accident (*see Blake v Neighborhood Hous. Servs. of N.Y. City*, 1 NY3d 280, 293 [2003]; *cf. Everitt v Nozkowski*, 285 AD2d 442, 443-444 [2001]). Accordingly, the Supreme Court properly granted that branch of JWH's motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240 (1) insofar as asserted against it on the ground that JWH was neither the general contractor nor a statutory agent of the owner.

In light of our determination, we need not reach the plaintiffs' contention regarding proximate cause. Rivera, J.P., Skelos, Dillon and Covello, JJ., concur.