In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Dabiri, J.), dated December 27, 2007, as denied his motion for summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action, and granted the defendant’s cross motion for summary judgment dismissing his Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence causes of action.
Ordered that the order is affirmed insofar as appealed from, with costs.
The defendant established, prima facie, its entitlement to judgment as a matter of law on the plaintiffs Labor Law §§ 200, 240 (1) and § 241 (6), and common-law negligence causes of action with evidence that another entity, the plaintiffs employer, was hired as the contractor at the subject construction site and that the defendant had no authority to enforce safety standards, did not hire any subcontractors, did not supervise or control the work, and provided no equipment (see Aversano v JWH Contr., LLC, 37 AD3d 745, 746 [2007]; Haider v Davis, 35 AD3d 363 [2006]; Feltt v Owens, 247 AD2d 689, 690-691 [1998]; cf Markey v C.F.M.M. Owners Corp., 51 AD3d 734 [2008]; Williams v Dover Home Improvement, 276 AD2d 626 [2000]). In opposition, the plaintiff failed to raise a triable issue of fact. The fact that the defendant was listed as the contractor on the work permits, and the plaintiffs allegation that after his accident, the defendant hired a plumber to sign off on plumbing work at the subject work site, without more, was insufficient to raise a triable issue of fact as to whether, for purposes of the Labor Law, the defendant was the contractor at the subject work site (see Aversano v JWH Contr., LLC, 37 AD3d at 746; Feltt v Owens, 247 AD2d 689, 690-691 [1998]).
The plaintiff’s remaining contentions are without merit. Spolzino, J.E, Florio, McCarthy and Dickerson, JJ., concur.