■ GULF INSURANCE COMPANY, as Subrogee of PARK CITY ESTATES TENANTS CORPORATION, Respondent, v QUALITY BUILDING CONTRACTOR, INC., et al., Appellants. [871 NYS2d 366]—

In a subrogation action to recover for property damage, the defendants Quality Building Contractor, Inc., Howard L. Zimmerman Architects, P.C., and Affordable Concrete Construction, Inc. separately appeal, as limited by their respective briefs, from

so much of an order of the Supreme Court, Queens County (Cullen, J.), dated February 14, 2007, as, upon, in effect, reargument, denied their respective motions for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the respective motions of the defendants Quality Building Contractor, Inc., and Affordable Concrete Construction, Inc., which were for summary judgment dismissing the complaint and substituting therefor provisions granting those branches of the motions; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants Quality Building Contractor, Inc., and Affordable Concrete Construction, Inc., payable by the plaintiff and one bill of costs payable to the plaintiff by the defendant Howard L. Zimmerman Architects, P.C., and the matter is remitted to the Supreme Court, Queens County, for further proceedings, including conversion of the cross claims asserted by the defendant Howard L. Zimmerman Architects, P.C., against the defendants Quality Building Contractor, Inc., and Affordable Concrete Construction, Inc., into a third-party complaint against those defendants, and amendment of the caption accordingly.

The defendant Quality Building Contractor, Inc. (hereinafter Quality) contracted with Park City Estates Tenants Corporation (hereinafter Park City) to perform "restoration work" on an underground parking garage owned by Park City, which was part of an apartment building complex located in Rego Park. Quality contracted with the defendant Affordable Concrete Construction, Inc. (hereinafter Affordable), as its subcontractor with respect to the work. The architect for the project was the defendant Howard L. Zimmerman Architects, P.C. (hereinafter HLZA). On April 6, 2003, while the work was in progress, a section of the concrete roof of the garage collapsed. The plaintiff Gulf Insurance Company (hereinafter Gulf), as Park City's subrogee, brought this action to recover property damages sustained as a result of the collapse.

Quality's contract with Park City provided, in relevant part, that Park City and Quality "waive[d] all rights against each other for damages caused by fire and other perils *to the extent covered by insurance obtained pursuant to this Article or any other property insurance applicable to the Work*" (emphasis added). The "Work" was defined under section 01010-1 of the Park City/Quality contract. At the time of the collapse of the garage roof, Park City had a property insurance policy issued by Gulf which covered the garage.

"Subrogration, an equitable doctrine, allows an insurer to stand in the shoes of its insured and seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse" (*Kaf-Kaf, Inc. v Rodless Decorations,* 90 NY2d 654, 660 [1997]; *see Dillion v Parade Mgt. Corp.,* 268 AD2d 554, 555 [2000]). "While parties to an agreement may waive their insurer's right of subrogation, a waiver of subrogation clause cannot be enforced beyond the scope of the specific context in which it appears" (*Kaf-Kaf, Inc. v Rodless Decorations,* 90 NY2d at 660, citing *S.S.D.W. Co. v Brisk Waterproofing Co.,* 76 NY2d 228 [1990]).

The Supreme Court erred in denying that branch of Quality's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Quality demonstrated its prima facie entitlement to judgment as a matter of law by presenting evidence that the damages sustained as a result of the collapse were encompassed by the description of the "Work," as defined in the parties' contract, and that, therefore, Park City's waiver of subrogation barred the instant action insofar as asserted against it. In opposition, Gulf failed to raise a triable issue of fact.

The Supreme Court also erred in denying that branch of Affordable's motion which was for summary judgment dismissing the complaint insofar as asserted against it. Affordable demonstrated its prima facie entitlement to judgment as a matter of law by presenting evidence that, under its contract with Quality, which incorporated the Park City/Quality contract and which granted Affordable "the benefit of all rights, remedies and redress afforded to [Quality] by these Contract Documents," Affordable was entitled to the benefit of Park City's waiver of subrogation. Gulf failed to raise a triable issue of fact in opposition.

However, the Supreme Court properly denied HLZA's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. HLZA failed to demonstrate its prima facie entitlement to judgment as a matter of law. Its letter agreement with Park City with respect to the garage restoration project contains no waiver of subrogation by Park City, and HLZA was not a party to Park City's contracts with either Quality or Affordable. Consequently, HLZA's contention that it was entitled to the benefit of Park City's waiver because the parties had in place an "insurance plan" under which Park City was obligated to pay for damages to the "Work," as defined in the Park City/Quality contract, even assuming there was such an "insurance plan," is unavailing.

Likewise, there was no subrogation waiver between HLZA and Quality or between HLZA and Affordable. Therefore, the Supreme Court properly denied those branches of the motions of Quality and Affordable which were to dismiss HLZA's cross claims against them. Spolzino, J.P., Santucci, Eng and Leventhal, JJ., concur.