■ ANDREW KILMETIS, Appellant, v CREATIVE POOL AND SPA, INC., Respondent. [904 NYS2d 495]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated May 29, 2009, as granted the defendant's cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was an employee of Complete Construction Alternatives, Inc. (hereinafter Complete Construction), when, on October 3, 2006, he was instructed to finish the siding on some dormers on the roof of a garage of the subject home. The plaintiff fell from a scaffold attached to the roof of the garage and sustained injuries. The plaintiff commenced this personal injury action against the defendant, Creative Pool and Spa, Inc. (hereinafter Creative Pool). The complaint alleged that the defendant was the general contractor for the subject site. The plaintiff moved for summary judgment on the complaint. The plaintiff's motion was premised solely on an alleged violation of Labor Law § 240 (1). The defendant cross-moved for summary judgment dismissing the complaint on the ground that Creative Pool was not the contractor for the work that the plaintiff was performing when he was injured. In the order appealed from, the Supreme Court denied the plaintiff's motion for summary judgment on the complaint and granted the defendant's cross motion for summary judgment dismissing the complaint. We affirm the order insofar as appealed from.

Labor Law § 240 (1) imposes a nondelegable duty upon owners, contractors, or their agents to provide proper protection to a worker performing certain types of construction work (*see Bland v Manocherian*, 66 NY2d 452, 459 [1985]; *Armentano v Broadway Mall Props., Inc.*, 30 AD3d 450 [2006]; *Aversano v JWH Contr., LLC*, 37 AD3d 745, 746 [2007]). "A general contractor will be held liable under [Labor Law § 240 (1)] if it was responsible for coordinating and supervising the entire construction project and was invested with a concomitant power to enforce safety standards and to hire responsible contractors" (*Kulaszewski v Clinton Disposal Servs.*, 272 AD2d 855, 856 [2000]; *see Aversano v JWH Contr., LLC*, 37 AD3d at 746; *Kenny v Fuller Co.*, 87 AD2d 183, 189-190 [1982]). A contractor may be held vicariously liable as the agent of a property owner for injuries sustained under Labor Law § 240 (1) where the contractor had the ability to supervise and control the activity which brought about the injury (*see Walls v Turner Constr. Co.*, 4 NY3d 861, 863-864 [2005], citing *Russin v Louis N. Picciano & Son*, 54 NY2d 311, 317-318 [1981]; *Aversano v JWH Contr., LLC*, 37 AD3d at 746; *see also Coque v Wildflower Estates Devs., Inc.*, 31 AD3d 484, 488 [2006]; *Aranda v Park E. Constr.*, 4 AD3d 315, 316 [2004]).

The evidence presented established that Creative Pool was neither a general contractor nor an agent of the owner for

purposes of liability under Labor Law § 240 (1). Creative Pool established that Complete Construction was hired as the general contractor for the work the plaintiff was performing on the garage. Creative Pool was the contractor for the construction of the homeowner's pool, a construction project separate from the construction project which included work on the garage. Creative Pool did not supervise or control the plaintiff's work, provided no equipment to the plaintiff, and was not present at the site on the date of the accident (*see Huerta v Three Star Constr. Co., Inc.*, 56 AD3d 613 [2008]; *Aversano v JWH Contr., LLC*, 37 AD3d at 746; *Morris v Pepe*, 283 AD2d 558 [2001]; *Feltt v Owens*, 247 AD2d 689, 690-691 [1998]). The fact that Creative Pool was listed as the contractor for the erection of the garage on the work permit, without more, was insufficient to raise a triable issue of fact as to whether it was the general contractor for the subject work (*see Huerta v Three Star Constr. Co., Inc.*, 56 AD3d 613 [2008]; *Aversano v JWH Contr., LLC*, 37 AD3d at 746; *Feltt v Owens*, 247 AD2d at 690-691).

Since Creative Pool established its prima facie entitlement to judgment as a matter of law and the plaintiff failed to raise a triable issue of fact, the Supreme Court properly granted Creative Pool's cross motion for summary judgment dismissing the complaint. Mastro, J.P., Florio, Belen and Roman, JJ., concur.