Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered September 9, 2009, which granted the motion by defendants FD Sprinkler and Woodworks Construction for summary judgment dismissing the complaint as against them on the ground that plaintiffs claims were barred by the antisubrogation rule, unanimously modified, on the law, to reinstate the complaint, except as to $52,323 sought against Woodworks, and otherwise affirmed, without costs.
In this subrogation action, St. Paul seeks to recover monies it paid on a claim filed by Chelsea 27th Street Apartments, its named insured on a builder’s risk insurance policy, for property damage caused by the unintended discharge of a sprinkler on or about December 24, 2003, at 800 Sixth Avenue in Manhattan, which premises were under construction. FD Sprinkler and Woodworks, respectively the sprinkler and drywall subcontractors, are alleged to have been responsible for the damage. St. *932 Paul paid Chelsea a total of $714,438 on the subject claim, with $52,323 of said amount attributable to work performed by Woodworks.
The antisubrogation rule provides that an insurer has “no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered” (North Star Reins. Corp. v Continental Ins. Co., 82 NY2d 281, 294 [1993]).
The subcontractors here are additional insureds on the policy, pursuant to a special provisions endorsement that amended the contractor’s and owner’s property protection to include “[a] 11 subcontractor’s [sic] as Additional Insureds, ATIMA [as their interests may appear].” ATIMA thus provided the subcontractors with protection only to the extent of their property interest in the building under construction, to wit, the tools, labor and material furnished or owned by the subcontractor (see Paul Tishman Co. v Carney & Del Guidice, 34 NY2d 941 [1974]; Matter of Lurgi Metallurgie GmbH v Industrial Risk Insurers, 262 AD2d 75 [1999], lv denied 93 NY2d 818 [1999]). The policy did not provide the subcontractors with coverage for any damage they may have caused to property in which they had no interest. The subcontractors’ obligation to replace work damaged by them speaks to their potential liability and does not create an insurable interest in the entire building (see Paul Tishman Co., 34 NY2d at 942-943). To the extent St. Paul seeks recovery of the $52,323 paid on the claim that is attributable to work performed by Woodworks, such recovery is barred by the antisubrogation rule. Inasmuch as St. Paul did not make any payments in connection with FD Sprinkler’s work, the antisubrogation rule does not apply to this subcontractor.
The subcontactors, who are neither signatories nor parties to the main contract between the owner and the general contractor, cannot avail themselves of the waiver-of-subrogation clause contained therein (see Gulf Ins. Co. v Quality Bldg. Contr., Inc., 58 AD3d 595 [2009]). Concur—Saxe, J.E, Friedman, Moskowitz, Freedman and Román, JJ. [Prior Case History: 2009 NY Slip Op 32042(U).]