◼ ELI ANTONIO MARTINEZ, Respondent, v 408-410 GREENWICH STREET, LLC, Respondent, BASILE BUILDERS GROUP, INC., Defendant/Third-Party Plaintiff-Respondent, and REAL ESTATE MANAGEMENT SERVICES, INC., Appellant. PLUMBING WORKS, INC., Third-Party Defendant. [919 NYS2d 869]—

In an action to recover damages for personal injuries, the defendant Real Estate Management Services, Inc., appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), entered July 26, 2010, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs payable by the respondents, and the motion of the defendant Real Estate Management Services, Inc., for summary judgment dismissing the complaint and all cross claims insofar as asserted against it is granted.

The defendant Real Estate Management Services, Inc. (hereinafter REMS), established its prima facie entitlement to judg-

ment as a matter of law by submitting the deposition testimony of its president, which demonstrated that REMS was neither the general contractor nor an agent subject to liability under the Labor Law (*see Huerta v Three Star Constr. Co., Inc.*, 56 AD3d 613 [2008]; *Aversano v JWH Contr., LLC*, 37 AD3d 745, 746-747 [2007]; *Feltt v Owens*, 247 AD2d 689, 690-691 [1998]). The deposition testimony indicated that REMS did not supervise or control the plaintiff or his work, and that the only function it performed in connection with the construction project was obtaining a work permit. In opposition, no triable issue of fact was raised (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The fact that REMS was listed as the contractor on the work permit, without more, was insufficient to raise a triable issue of fact as to whether REMS was the contractor at the subject work site (*see Huerta v Three Star Constr. Co., Inc.*, 56 AD3d at 613). Accordingly, the Supreme Court should have granted REMS's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. Rivera, J.P., Angiolillo, Eng and Sgroi, JJ., concur.