■ UTICA MUTUAL INSURANCE COMPANY, as Subrogee of Harris Berenson et al., Respondent, v STYLE MANAGEMENT ASSOCIATES CORP. et al., Appellants, et al., Defendants. [4 NYS3d 215]—

In a subrogation action to recover benefits paid by the plaintiff under a policy of insurance, the defendants Style Management Associates Corp., Style Management Corp., and Yosi Sason, also known as Yosef Sason, appeal from an order of the Supreme Court, Nassau County (Sher, J.), entered December 13, 2012, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Style Management Associates Corp., Style Management Corp., and Yosi Sason, also known as Yosef Sason, for summary judgment dismissing the complaint insofar as asserted against them is granted.

On June 23 and 24, 2009, two fires occurred in a single-family residence that was undergoing renovations, which was owned by Harris Berenson and E. Tyler Berenson (hereinafter together the Berensons). The Berensons' residence was insured under an insurance policy issued by the plaintiff Utica Mutual Insurance Company (hereinafter Utica). After Utica paid the Berensons' claim for the damage to their property resulting from the fires, it commenced this subrogation action against the individuals and entities allegedly involved in the renovation project, the defendants Style Management Associates Corp., Style Management Corp., and Yosi Sason, also known as Yosef Sason (hereinafter collectively the Style defendants), Zak Baruch and AA Fine Home Builder, Inc. (hereinafter together the Baruch defendants), Sergei "Brooklyn," and Mosco Flooring Company. The complaint alleged, in pertinent part, that the Style defendants were the general contractor on the renovation project, and that the defendants' collective negligence caused the fires that damaged the property.

The Style defendants moved for summary judgment dismissing the complaint insofar as asserted against them, contending that they were not the general contractor for the renovation project, and that their involvement with the renovation project was limited to obtaining the building permit on behalf of the Baruch defendants, who were actually the general contractor,

and, at most, performing a few days of minor carpentry work at the beginning of the renovation project. Utica opposed the motion, arguing that the fact that Style Management Corp. was named on the building permit as the contractor, and the fact that the Baruch defendants paid Sason $9,000 at the beginning of the renovation project, raised a triable issue of fact as to whether the Style defendants were the general contractor. The Supreme Court denied the motion. The Style defendants appeal, and we reverse.

The Style defendants established, prima facie, that they were not the general contractor on the Berensons' renovation project through the submission of evidence showing that they did not undertake general contractor duties such as supervising, hiring, or paying contractors (see *Feltt v Owens*, 247 AD2d 689, 691 [1998]). The evidence submitted in support of the Style defendants' motion demonstrated, prima facie, that the Berensons hired the Baruch defendants as the general contractor on the project, and that the Baruch defendants undertook general contractor duties by coordinating and supervising the project, and hiring and paying subcontractors (see *Aversano v JWH Contr., LLC*, 37 AD3d 745, 746 [2007]). The evidence demonstrated that the only function the Style defendants performed in connection with the renovation project was obtaining the work permit and, at most, performing some minor carpentry and molding work at the beginning of the project (see *Martinez v 408-410 Greenwich St., LLC*, 83 AD3d 674, 675 [2011]).

In opposition, Utica failed to raise a triable issue of fact. The fact that the building permit for the renovation project named Style Management Corp. as the contractor, and the deposition testimony that the Baruch defendants paid a sum of money to the Style defendants for the use of the name Style Management Corp. on the permit, is insufficient to raise a triable issue of fact as to whether the Style defendants were the general contractor for the project, in the absence of evidence that the Style defendants acted as the general contractor by, for example, hiring, supervising, or paying subcontractors (see *Martinez v 408-410 Greenwich St., LLC*, 83 AD3d at 674; *Kilmetis v Creative Pool & Spa, Inc.*, 74 AD3d 1289, 1291 [2010]; *Huerta v Three Star Constr. Co., Inc.*, 56 AD3d 613 [2008]).

As our dissenting colleague points out, our conclusion in this regard is based on Labor Law personal injury cases, which hold that the mere listing of an entity as the contractor on a work permit, without more, is insufficient to raise a triable issue of fact as to whether that entity is the general contractor

on a particular project (*see Martinez v 408-410 Greenwich St., LLC*, 83 AD3d at 674; *Kilmetis v Creative Pool & Spa, Inc.*, 74 AD3d at 1291; *Huerta v Three Star Constr. Co., Inc.*, 56 AD3d at 613). However, contrary to our dissenting colleague's position, the rule enunciated in these Labor Law cases, which is based on the basic definition of a general contractor as one who, for instance, coordinates and supervises the work and hires and pays subcontractors (*see Huerta v Three Star Constr. Co., Inc.*, 56 AD3d at 613; *Aversano v JWH Contr., LLC*, 37 AD3d at 746; *Feltt v Owens*, 247 AD2d at 690-691), applies equally to this subrogation action. To ignore our Labor Law precedent in this action would, in effect, create a different definition of a general contractor in the subrogation/property damage context, one that would confer general contractor status on an entity simply by virtue of it being listed as the contractor on a work permit. There is no persuasive reason for having two separate definitions of a general contractor, one for the Labor Law/personal injury context and another for the subrogation/property damage context, as our dissenting colleague suggests. Moreover, there is arguably more incentive to hold an entity liable as a general contractor in the Labor Law/personal injury context than in a subrogation action such as this, where the owners of the damaged property have been made whole and the insurance company may still seek to recover from the party who actually undertook the role of the general contractor.

In addition, there is no legal authority for our dissenting colleague's assertion that the Style defendants owed a duty of care to the Berensons to safeguard the work site simply by virtue of Style Management Corp. being listed as the contractor on the work permit. Here, the evidence shows that the Baruch defendants, not the Style defendants, were hired as the general contractor for the project and actually undertook the duties of a general contractor, and, thus, the Baruch defendants owed a duty of care to the Berensons. Furthermore, there is no evidence that the Style defendants caused the fires or were responsible for supervising the work that led to the fires. Under these circumstances, while we are mindful of our dissenting colleague's policy concerns, in the absence of evidence that the Style defendants undertook the duties of general contractor, the Style defendants cannot be held liable as a general contractor (*see Martinez v 408-410 Greenwich St., LLC*, 83 AD3d 674 [2011]; *Kilmetis v Creative Pool & Spa, Inc.*, 74 AD3d at 1291; *Huerta v Three Star Constr. Co., Inc.*, 56 AD3d at 613; *cf. Kosovrasti v Epic [217] LLC*, 96 AD3d 695, 696 [2012]).

Utica's remaining contentions are without merit.

Accordingly, the Style defendants' motion for summary judgment dismissing the complaint insofar as asserted against them should have been granted. Dillon, J.P., Chambers and Hall, JJ., concur.

Maltese, J., dissents, and votes to affirm the order, with the following memorandum. Maltese, J. (dissenting). The issue in this subrogation action is who was responsible to safeguard the residence of Harris Berenson and E. Tyler Berenson (hereinafter together the Berensons) from damage during the renovation project. My colleagues in the majority rely on Labor Law personal injury cases to find that Style Management Associates Corp., Style Management Corp., and Yosi Sason, also known as Yosef Sason (hereinafter collectively the Style defendants), established, prima facie, that they were not the general contractor on the project, and therefore cannot be held liable for any such damages. However, in this subrogation action, reliance on these particular Labor Law cases may not be appropriate. "Subrogation [is] an equitable doctrine, [which] allows an insurer to stand in the shoes of its insured and seek indemnification from third parties whose wrongdoing has caused a loss for which the insurer is bound to reimburse" (*Kaf-Kaf, Inc. v Rodless Decorations*, 90 NY2d 654, 660 [1997]; *see Gulf Ins. Co. v Quality Bldg. Contr., Inc.*, 58 AD3d 595, 597 [2009]; *Dillion v Parade Mgt. Corp.*, 268 AD2d 554, 555 [2000]). Here, of course, the insureds are the Berensons, who suffered a loss as a result of two fires that occurred while contractors were performing renovations at their residence in the Village of Lake Success.

The Nassau County Administrative Code (hereinafter the Code) states that the purpose of requiring home improvement contractors to obtain a home improvement license is to "safeguard and protect the homeowner against abuses on the part of home improvement contractors" (Nassau County Administrative Code § 21-11.0). The Code defines a "contractor" as "any person who owns or operates a home improvement business or who undertakes or offers to undertake or agrees to perform any home improvements in Nassau County" (Nassau County Administrative Code § 21-11.1 [2]). This definition tracks the definition of "home improvement contractor" set forth in General Business Law § 770 (5). When a contractor files for a permit to build or renovate a premises in Nassau County, as Style Management Corp. did in this case, the contractor is required to present its home improvement license and demonstrate that it has financial responsibility by obtaining liability insurance to protect against loss during the

construction or renovation period and provide Workers' Compensation insurance to cover the workers on the job (*see* Nassau County Administrative Code §§ 21-11.2, 21-11.4). The fact that the Style defendants may have abandoned their duty as the licensed home improvement contractor in allowing Zak Baruch and AA Find Home Builder, Inc. (hereinafter together the Baruch defendants), or someone else, to oversee and safeguard the premises from a fire hazard during the renovations should not obviate the responsibilities of the Style defendants as the named contractor, who was carrying the insurance. To hold otherwise would allow the Style defendants to perpetuate fraud on the Village of Lake Success and circumvent the very purpose of requiring licenses and insurance to protect both consumers and workers.

Moreover, the effect of an award of summary judgment dismissing the complaint insofar as asserted against the Style defendants, who provided the general liability and Workers' Compensation insurance, is that workers injured on this renovation project would consequently have no coverage as required by Workers' Compensation Law § 10. This would also violate the public policy mandate of the Code, which requires that only licensed and insured contractors are authorized to perform home improvement projects for the benefit of the public (*see* Nassau County Administrative Code §§ 21-11.2, 21-11.4).

For the foregoing reasons, I do not believe that the Labor Law cases cited by the majority should control in this subrogation action.

In any event, even if reliance on those Labor Law cases were appropriate here, it is my view that the majority does not give due consideration to numerous questions of fact regarding the Style defendants' role in the Berensons' renovation project. The Style defendants' submissions in support of their motion present numerous triable issues of fact as to whether they supervised the work site at relevant times or created the condition which caused the fires at the Berensons' residence. The Style defendants submitted the building permit for "residential alteration," which listed Style Management Corp., not Baruch, as a contractor on the project. In my view, the very name "Style Management Corp." implies that the Style defendants do more than just carpentry. Further, the building permit listed the electrician and the plumbers on the project, which is normally a list provided by a general contractor for the project. The permit also described the work in detail as: "paint interior," "wood floors high hats," "convert to gas," "install new furnace," and "relocate washer & dryer." Significantly, the fire at the

subject premises was allegedly caused, at least in part, by the ignition of flammable vapors associated with the carpentry finishing of the wood floors.

My colleagues in the majority maintain that the listing of Style Management Corp. as the contractor on the building permit, without more, does not impose a duty upon the Style defendants to provide a safe place to work (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]; *Huerta v Three Star Constr. Co., Inc.*, 56 AD3d 613 [2008]). But in this case, there are more facts. In the application for the building permit, the homeowner attested in writing, under oath, that "Style Management" was the contractor. As this Court has previously noted, "one of the purposes for requiring a building permit is to insure that the work is done in a safe manner without threatening public safety" (*Rimoldi v Schanzer*, 147 AD2d 541, 547 [1989]). In my view, since Style Management Corp. was listed as a contractor on the building permit, and Baruch was not, that implicitly created a duty of care to the homeowner to safeguard the work site from dangerous conditions such as fire and destruction.

Further, the Style defendants submitted deposition testimony which raised numerous questions of fact as to their true role in the renovation project. Although Zak Baruch denied that the Style defendants performed any work on the project, Baruch paid Sason, Style Management Corp.'s sole executive officer and president, to apply for the appropriate building permit, in order to cover for Baruch, who, according to Baruch's own testimony, did not have any licenses "to build" in 2008 or 2009. Baruch's testimony further revealed that he had no recollection as to whether he had a written contract for the project, and that he could not read or write in English.

Significantly, Sason did not deny that he performed work at the premises, but rather he testified the he provided "finishing" work related to the doors, knobs, and moldings. According to Sason, Baruch paid him $5,000 for this work, which took approximately five days to complete. However, Sason was unsure of when he worked at the site and could not say whether he was there in June of 2009, when the fires occurred, or earlier, in April or May. Further, Sason testified that he had a "short" or "faulty" memory, and he frequently answered that he did not recall his prior business dealings.

Thus, there was conflicting testimony regarding the Style defendants' true role in the renovation project, including work on the floors. Viewing this conflicting testimony in conjunction with the building permit listing Style Management Corp. as

the contractor, I find that the Style defendants' submissions present triable issues of fact as to whether they acted as the general contractor on this renovation project (*see RLI Indem. Co. v Hai*, 33 Misc 3d 1225[A], 2011 NY Slip Op 52109[U] [Sup Ct, NY County 2011]; *cf. Cohen v Schachter*, 51 AD3d 847, 848 [2008]).

Even if the Style defendants established their prima facie entitlement to judgment as a matter of law, the plaintiff's submissions in opposition raised a triable issue of fact as to whether the Style defendants were the general contractor. The plaintiff's submissions included the certificate of liability insurance for the project, which listed Style Management Associates Corp. as the insured; another document indicating that Style Management Associates Corp. was providing Workers' Compensation coverage for the project; and Style Management Associates Corp.'s Nassau County license as a "carpenter contractor." These documents raise substantial questions about the Style defendants' role and responsibility in this project. Notably, Baruch was not listed as the contractor in any written contract for the project, nor was he listed anywhere else as the contractor.

My colleagues in the majority, by rejecting the Supreme Court's determination that there are triable issues of fact, give credence to the questionable and troubling testimony of Baruch, who claims that he cannot read or write English, yet holds himself out to the public as a home improvement contractor in Nassau County and undertakes home improvement work without the required licenses and insurance. Whether the Style defendants and Baruch were partners, a joint venture, employer-employee, or something else, is a question of fact which should be determined by a jury.

Since there are triable issues of fact as to whether the Style defendants were the general contractor on the Berensons' renovation project at the time of the loss, the Supreme Court properly denied the Style defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.

Accordingly, I dissent and vote to affirm the order of the Supreme Court.