Maisuradze v Nows The Time, Inc. (2023 NY Slip Op 04311)

Maisuradze v Nows The Time, Inc.

2023 NY Slip Op 04311

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
LILLIAN WAN, JJ.

2020-07836
 (Index No. 12386/15)

[*1]Gia Maisuradze, appellant,
v
Nows The Time, Inc., et al., defendants, E & J All Seasons Construction Corp., respondent.

Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (David M. Schwarz of counsel), for appellant.
Cascone & Kluepfel, LLP, Garden City, NY (Howard B. Altman of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated September 21, 2020. The order granted the motion of the defendant E & J All Seasons Construction Corp. for summary judgment dismissing the complaint insofar as asserted against it and denied the plaintiff's cross-motion for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against the defendants Nows The Time, Inc., and E & J All Seasons Construction Corp.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly suffered injuries on a construction site located at premises in Brooklyn when a 10-foot long metal pipe fell on his head. The plaintiff commenced this action against the defendant Nows The Time, Inc., which owned the premises, and the defendant E & J All Seasons Construction Corp. (hereinafter E & J), among others, alleging common-law negligence and violations of Labor Law §§ 200, 240(1), and 241(6).
E & J moved for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiff cross-moved for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against E & J and Nows The Time, Inc. In an order dated September 21, 2020, the Supreme Court granted E & J's motion and [*2]denied the plaintiff's cross-motion. The plaintiff appeals.
E & J established its prima facie entitlement to judgment as a matter of law by submitting, inter alia, an affidavit from Eugenia Cassis, E & J's sole owner, which demonstrated that E & J was neither the general contractor nor an agent subject to liability under the Labor Law and that it did not have control over the construction site or the authority to exercise supervision and control over the work (see Oseguera v Lincoln Props. LLC, 147 AD3d 704, 704; Martinez v 408-410 Greenwich St., LLC, 83 AD3d 674, 674-675; Huerta v Three Star Constr. Co., Inc., 56 AD3d 613, 613). Contrary to the plaintiff's contention, Cassis's affidavit and her deposition testimony are not so "incredible and unbelievable" or "impossible of belief" that they are "without evidentiary value" (Loughlin v City of New York, 186 AD2d 176, 177 [internal quotation marks omitted]). The fact that E & J was listed as the general contractor on work permit applications and that Cassis and an E & J employee may have known one of the alleged subcontractors, without more, was insufficient to raise a triable issue of fact as to whether E & J was the general contractor (see Martinez v 408-410 Greenwich St., LLC, 83 AD3d at 674-675; Huerta v Three Star Constr. Co., Inc., 56 AD3d at 613). Accordingly, the Supreme Court properly granted E & J's motion for summary judgment dismissing the complaint insofar as asserted against it.
"In order to prevail on summary judgment in a [Labor Law § ] 240(1) 'falling object' case, the injured worker must demonstrate the existence of a hazard contemplated under that statute 'and the failure to use, or the inadequacy of, a safety device of the kind enumerated therein'" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d 658, 662, quoting Narducci v Manhasset Bay Assoc., 96 NY2d 259, 267). "Essentially, the plaintiff must demonstrate that at the time the object fell, it either was being 'hoisted or secured' (Narducci v Manhasset Bay Assoc., 96 NY2d at 268) or 'required securing for the purposes of the undertaking' (Outar v City of New York, 5 NY3d 731, 732)" (Fabrizi v 1095 Ave. of the Ams., L.L.C., 22 NY3d at 662-663). "'Proximate cause may be established without direct evidence of causation, by inference from the circumstances of the accident; however, mere speculation as to the cause of an accident, when there could have been many possible causes, is fatal to a cause of action'" (Grieve v MCRT Northeast Constr., LLC, 197 AD3d 623, 624, quoting Steinsvaag v City of New York, 96 AD3d 932, 933).
Here, the plaintiff, who testified at his deposition that he did not see the pipe before it hit him, did not know where the pipe came from, and did not know whether the pipe was necessary for the work being performed, failed to establish, prima facie, that the pipe's fall was proximately caused by a violation of Labor Law § 240(1) (see Henriquez v Clarence P. Grant Hous. Dev. Fund. Co., Inc., 186 AD3d 577, 577-578; Pazmino v 41-50 78th St. Corp., 139 AD3d 1029, 1030; Podobedov v East Coast Constr. Group, Inc., 133 AD3d 733, 735-736). The plaintiff's contention that proximate cause was established by the circumstances of the alleged accident is without merit (cf. Hill v Acies Group, LLC, 122 AD3d 428, 429; Humphrey v Park View Fifth Ave. Assoc. LLC, 113 AD3d 558, 559; Mercado v Caithness Long Is. LLC, 104 AD3d 576, 577). Since the plaintiff failed to meet his initial burden as the movant, the burden never shifted to Nows The Time, Inc., to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). Accordingly, the Supreme Court properly denied that branch of the plaintiff's cross-motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) insofar as asserted against Nows The Time, Inc.
The plaintiff's remaining contention is without merit.
IANNACCI, J.P., CHRISTOPHER, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court